The Louisville, New Albany and Chicago R. W. Co. v. Schmidt.

No. 12,272.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. SCHMIDT, BY NEXT FRIEND.

PLEADING.—*Construction of.*—It is the specific statement of facts that controls in the construction of pleadings, and not detached phrases and epithets contained therein.

SAME.—*Complaint.*—*Negligence.*—*Wilful Injury.*—A complaint demanding damages for personal injuries, which in its recital of facts charges negligence upon the defendant, but which does not aver or show that the plaintiff was free from contributory negligence, is bad on demurrer, notwithstanding the fact that it charges generally, by way of epithet, that the acts complained of were wrongfully, unlawfully and wilfully done.

From the Floyd Circuit Court.

*G. W. Friedley* and *A. Dowling*, for appellant.
*J. R. W. Smith* and *D. C. Anthony*, for appellee.

ELLIOTT, J.—The second paragraph of the appellee's complaint alleges that the appellant owns and operates a railroad extending through the city of New Albany; that, on the 10th day of September, 1883, the appellee was in the act of crossing Fifteenth street in that city, at the intersection of Sycamore street; that the "defendant, by its employees then and there in charge, undertook to run a train of cars loaded with coal on and along Fifteenth street and over the said intersection, and to then and there throw said train of loaded cars upon a side-track of said railroad while the cars were in motion; that to accomplish such purpose the defendant's employees then and there wrongfully, wilfully, and in utter disregard of human life, unlawfully put the said train of cars in motion at a high rate of speed, and, while the same was so rapidly moving, uncoupled the cars so loaded from the engine attached thereto, and wilfully and recklessly permitted the same to move with great rapidity along said Fifteenth street over and past said intersection, so detached and wholly unattended and uncontrolled, except by a single brakeman at the extreme rear end thereof, and without any

signal thereon of any kind to warn persons of their approach, by reason whereof plaintiff says, while he was crossing said street as aforesaid, he was then and there struck with great violence by the said detached train, knocked down and under the wheels thereof." We have set forth the material parts of the pleading for the reason that its sufficiency depends entirely upon whether it charges a wilful tort, or a negligent act, and this question can only be determined from a study of the pleader's language.

It is firmly settled that a complaint which seeks to recover for injuries arising from negligence must aver specifically that the plaintiff was free from contributory fault, or must state facts showing that his own negligence did not proximately contribute to the injury. There is no such averment in the pleading before us, nor are there any facts pleaded, showing that there was not contributory negligence on the part of the plaintiff. If, therefore, the complaint is to be construed as making a case of negligence, it must be held bad.

A pleading is to be judged from its general scope, and not from the detached phrases or epithets cast into it. *City of North Vernon* v. *Voegler*, 103 Ind. 314, see p. 317; *Western Union Tel. Co.* v. *Reed*, 96 Ind. 195, see p. 198; *Neidefer* v. *Chastain*, 71 Ind. 363 (36 Am. R. 198). It is the specific statement of facts that controls in the construction of pleadings, and not the general averments. *Pennsylvania Co.* v. *Marion*, 104 Ind. 239; *Louisville, etc., R. W. Co.* v. *Payne*, 103 Ind. 183, see p. 187; *Ivens* v. *Cincinnati, etc., R. W. Co.*, 103 Ind. 27; *Ragsdale* v. *Mitchell*, 97 Ind. 458; *State* v. *Wenzel*, 77 Ind. 428; *Reynolds* v. *Copeland*, 71 Ind. 422.

The application of these rules to the pleading before us results in the conclusion that it charges negligence, and not a wilful tort. The epithets thrown into the complaint can not change the force of the specific statements of fact, and they show a case of negligence. The averments as to the manner and cause of the injury are specific, and they do not sustain the conclusions embodied in the epithets, but clearly in-

dicate that there was no wilful or intentional wrong. *Ivens* v. *Cincinnati, etc., R. W. Co., supra; Terre Haute, etc., R. R. Co.* v. *Graham,* 95 Ind. 286 (48 Am. R. 719).

Judgment reversed.

Filed March 10, 1886.