The Louisville, New Albany and Chicago Railway Company v. Bryan.

No. 12,338.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. BRYAN.

NEGLIGENCE.— *Railroad.*— *Complaint for Injury at Crossing.*— *Wilfulness.*— *Contributory Negligence.*—A complaint against a railroad company to recover damages for an injury received at a crossing. and alleged to have been "caused by the reckless, negligent and wilful conduct of the defendant's employees" in propelling a locomotive backwards over the crossing, the track being hidden from view by intervening buildings, at a dangerous rate of speed, without giving warning by bell or whistle, is not good as charging a wilful injury, and, there being no averment negativing contributory negligence, it is bad on demurrer.

From the Clinton Circuit Court.

*G. W. Easley, G. W. Friedley* and *W. H. Russell,* for appellant.

*J. B. Sherwood,* for appellee.

MITCHELL, J.—This action was brought by Bryan against the railway company, to recover damages for killing one horse and injuring another, while both were being driven in a buggy, by the plaintiff, across the defendant's track, at a street crossing in the northern part of the city of Lafayette.

The complaint was in two paragraphs, one of which counted upon the negligence of the defendant, while the other was to recover for an injury alleged to have been purposely or wilfully committed. In the one paragraph suitable averments, to the effect that the plaintiff exercised due care, and was without fault, are found. In the other no such averments are contained.

By their general verdict, the jury found for the plaintiff on the latter paragraph, and for the defendant on the first. Judgment was rendered accordingly.

One of the errors assigned is, that the court erred in overruling a demurrer to that paragraph of the complaint upon which the verdict and judgment against the appellant rest.

There being no averment that the plaintiff was without fault, an inference arises that he may have been guilty of

contributory negligence, and, therefore, unless the complaint, by the specific statement of facts, rebuts this inference, or charges that the injury was purposely and wilfully committed, it states no cause of action.

The charging part of the paragraph is in these words:

"And that said collision was caused by the reckless, negligent and wilful conduct of said employees and servants of said defendant in the management of said locomotive, in this, to wit: That said locomotive was being propelled at an exceedingly high and dangerous rate of speed, and was being propelled backwards, and that the whistle on said locomotive was not sounded, and the bell was not rung, to give warning of the approach of said locomotive, by the employees and servants of said defendant in charge of said locomotive; that said crossing was made extra-dangerous by the track being hidden from view for some distance by intervening buildings, all of which was well known to said defendant, and its servants and employees, as aforesaid."

The general charge is, that the collision was caused by the reckless, negligent and wilful conduct of the defendant's employees and servants.

The specific acts of wilfulness charged are, that they propelled the locomotive backwards over the crossing, the track being hidden from view by intervening buildings, at a dangerous rate of speed, without giving warning by ringing the bell, or sounding the whistle.

That the conduct imputed to the employees of the railway company was negligent, can not be doubted, but negligence, no matter how gross, can not avail in an action where it is necessary, on account of the plaintiff's contributory negligence, to aver and prove that the injury was inflicted by design or with an actual or constructive intent. In such a case, it is incumbent on the plaintiff to aver and prove that the injury was intentional, or that the act or omission which produced it was wilful and of such a character as that the injury which followed must reasonably have been anticipated

as the natural and probable consequence of the act. Where one person negligently comes into a situation of peril, before another can be held liable for an injury to him, it must appear that the latter had knowledge of his situation in time to have prevented the injury. Or it must appear that the injurious act or omission was by design, and was such—considering time and place—as that its nature and probable consequence would be to produce serious hurt to some one. To constitute a wilful injury, the act which produced it must have been intentional, or must have been done under such circumstances as evinced a reckless disregard for the safety of others, and a willingness to inflict the injury complained of.. It involves conduct which is *quasi criminal.* *Louisville, etc., Canal Co.* v. *Murphy,* 9 Bush, 522; *Louisville, etc., R. R. Co.* v. *Filbern,* 6 Bush, 574; *Peoria Bridge Ass'n* v. *Loomis,* 20 Ill. 235.

The facts averred fail to bring the case within either of the foregoing conditions, or to indicate an actual or constructive intent on the part of the appellant. It does not appear that its employees knew of the presence of the plaintiff or his team, nor is there anything averred from which it can be inferred that the crossing and its surroundings were such as that the natural and probable consequence of running an engine over the highway in the manner described, would result in an injury. The facts are in no wise different from those involved in the ordinary case, where a locomotive is run over a highway at a high rate of speed, without giving the statutory signals. These are merely acts of non-feasance, not of aggressive wrong  The consequences of undenied contributory negligence can not be avoided in such a case by the fact that the track was "hidden from view for some distance by intervening buildings." That the appellant may have been grossly and culpably negligent, may be admitted, but until the plaintiff is willing to assert that he was himself without fault, he is not, upon the specific facts stated in the paragraph under consideration, entitled to maintain an

action. *Louisville, etc., R. W. Co.* v. *Schmidt,* 106 Ind. 73; *Ivens* v. *Cincinnati, etc., R. W. Co.,* 103 Ind. 27; *Terre Haute, etc., R. R. Co.* v. *Graham,* 95 Ind. 286 (48 Am. R. 719); *Pennsylvania Co.* v. *Sinclair,* 62 Ind. 301 (30 Am. R. 185); *Indianapolis, etc., R. R. Co.* v. *McClaren,* 62 Ind. 566; *Chicago, etc., R. R. Co.* v. *Hedges,* 105 Ind. 398.

The words "wilful" and "negligent," used in conjunction, have not always been employed with strict regard for accuracy of expression. To say that an injury resulted from the negligent and wilful conduct of another, is to affirm that the same act is the result of two exactly opposite mental conditions. It is to affirm in one breath that an act was done through inattention, thoughtlessly, heedlessly, and at the same time purposely and by design. It seems to be supposed that by coupling the words together, a middle ground between negligence and wilfulness, between acts of nonfeasance and misfeasance, may be arrived at. It is only necessary to say that the distinction between cases falling within the one class or the other, is clear and well defined, and cases in neither class are aided by importing into them attributes pertaining to the other. Beach Cont. Neg. 67, 68.

What has been said disposes of all other pertinent questions arising on the instructions, given and refused.

The demurrer to the paragraph of the complaint under consideration should have been sustained. For the error in overruling it, the judgment is reversed, with costs.

Filed June 16, 1886.