Filed Nov. 29, 1887.

---

No. 12,467.

GREGORY, ADMINISTRATOR, *v.* THE CLEVELAND, COLUMBUS, CINCINNATI AND INDIANAPOLIS RAILROAD COMPANY.

NEGLIGENCE.—*Wilful Injury.*—*Complaint.*—A complaint to recover damages for an injury should proceed upon a definite theory, either for a wilful injury or for one caused by negligence, and it will be judged from its general scope and tenor.

112 385
112 422
113 585
115 120
115 254
117 254
117 593
119 317
121 429

112 385
146 433

112 385
153 165

112 385
156 588

112 385
158 240
158 277
158 278
158 279

112 385
164 425
f164 605

112 385
165 358

112 385
169 642

Gregory, Administrator, *v.* The C., C., C. and I. Railroad Company.

SAME.—*Sufficiency of Complaint for Wilful Injury.*—A complaint to recover damages for a wilful injury must show that the injurious act was purposely or intentionally committed, with the intent wilfully and purposely to inflict the injury complained of.

SAME.—*Intent.—Evidence.*—The unlawful intent may be shown by direct evidence, or it may be inferred from conduct which shows a reckless disregard of consequences and a willingness to inflict injury, by purposely and voluntarily doing an act with knowledge that some one is unconsciously or unavoidably in a situation to be injured thereby.

SAME.—*Verdict.—When Court May Direct.*—If the plaintiff's evidence, with all the legitimate inferences which a jury might reasonably draw from it, is insufficient to sustain a verdict in his favor, the court may direct a verdict for the defendant without submitting the evidence to the jury.

From the Marion Superior Court.

*J. W. Gordon, L. O. Bailey, R. N. Lamb* and *A. L. Mason,* for appellant.

*A. C. Harris, W. H. Calkins* and *H. H. Poppleton,* for appellee.

MITCHELL, C. J.—Joseph W. Gregory, as administrator of the estate of Ida M. Sennett, deceased, brought this action against the Cleveland, Columbus, Cincinnati and Indianapolis Railroad Company to recover damages for wrongfully causing the death of his intestate.

The first paragraph of the complaint charges, in substance, that the railway company, on the 13th day of February, 1882, within the city of Indianapolis, " did so manage, control and operate her said trains, recklessly, with gross negligence, without regard to consequences, and with fatal and inexcusable heedlessness, as to run one of her said trains upon plaintiff's decedent with great force," whereby the said decedent was killed without any fault on her part.

The second paragraph charges that the railway company, on the date mentioned, operated its trains " with such gross negligence, recklessness and inexcusable disregard of consequences, and wilful misconduct, as to negligently, wantonly and wilfully cause or allow the tender attached to one of its

Gregory, Administrator, *v.* The C., C., C. and I. Railroad Company.

trains to strike the person of said decedent with great force and fatal violence," thereby causing her death.

The second paragraph contained no averment that the decedent was without fault.

In neither of the foregoing paragraphs is it charged that the decedent was either purposely, intentionally or wilfully run upon and killed or injured by the railway company, or its servants, nor does either of them state facts from which such an inference can be drawn.

It is only necessary to charge, in a complaint which seeks redress for a wilful injury, that the injurious act was purposely and intentionally committed, with the intent wilfully and purposely to inflict the injury complained of.

As a rule of evidence, the presumption that every person intends the natural and probable consequences of his wrongful or unlawful acts applies as well in civil as in criminal cases; hence, the unlawful intent may be shown by direct evidence, or it may be inferred from conduct which shows a reckless disregard of consequences, and a willingness to inflict injury, by purposely and voluntarily doing an act, with knowledge that some one is unconsciously or unavoidably in a situation to be injured thereby. An act which in itself might be lawful becomes unlawful when done in a manner or under circumstances which charge the actor with knowledge that it will result in injury to some one. *Palmer* v. *Chicago, etc., R. R. Co., ante,* p. 250; *Louisville, etc., R. W. Co.* v. *Ader,* 110 Ind. 376; *Louisville, etc., R. W. Co.* v. *Bryan,* 107 Ind. 51; *Belt R. R. Co.* v. *Mann,* 107 Ind. 89; *Pennsylvania Co.* v. *Smith,* 98 Ind. 42.

As was in effect said in *Louisville, etc., R. W. Co.* v. *Bryan, supra,* there is a clear distinction between cases which count upon negligence as a ground of action and those which are founded upon acts of aggressive wrong or wilfulness, and a pleading should not be tolerated which proceeds upon the idea that it may be good either for a wilful injury or as a complaint for an injury occasioned by negligence. It should

proceed upon one theory or the other, and is to be judged from its general tenor and scope. *Louisville, etc., R. W. Co. v. Schmidt*, 106 Ind. 73; *Mescall v. Tully*, 91 Ind. 96; *Platter v. City of Seymour*, 86 Ind. 323.

That the complaint under consideration abounds in vituperative epithets, and that some detached phrases, alleging wilful misconduct, are thrown in, does not supply the necessary averment that the injury was purposely or intentionally inflicted.

"The averments as to the manner and cause of the injury are specific, and they do not sustain the conclusions embodied in the epithets, but clearly indicate that there was no wilful or intentional wrong." *Louisville, etc., R. W. Co.* v. *Schmidt, supra.*

At the conclusion of the evidence, after hearing the argument of counsel, the learned judge before whom the case was tried directed the jury to return a verdict for the defendant. A verdict was returned accordingly.

The right of the court to direct a verdict for the defendant, in case the plaintiff's evidence, giving it the most favorable construction it will legitimately bear, fails to establish any fact which constitutes an essential element in his right of action, is clear. *Purcell* v. *English*, 86 Ind. 34, and cases cited; *Hall* v. *Durham*, 109 Ind. 434; Thornton Juries and Inst., section 279.

The rule which governs in such cases is, substantially, that which controls where there is a demurrer to the evidence. If the plaintiff's evidence, with all the legitimate inferences which a jury might reasonably draw from it, is insufficient to sustain a verdict in his favor, so that a verdict for the plaintiff, if one should be returned, would be set aside, the court may properly direct a verdict for the defendant without submitting the evidence to the jury. *Schofield* v. *Chicago, etc., R. W. Co.*, 114 U. S. 615; *Weis* v. *City of Madison*, 75 Ind. 241; *McClaren* v. *Indianapolis, etc., R. R. Co.*, 83 Ind. 319.

It is for the court to say whether, upon the evidence most

favorable to the plaintiff, an inference of liability *can* reasonably be drawn. It is for the jury to say, upon all the evidence submitted to them, under proper instructions from the court, whether liability *ought* to be inferred. If the established facts are such that no inference of liability can be drawn, the case ought not to be submitted to the jury. *Metropolitan R. W. Co.* v. *Jackson,* L. R. 3 App. Cas. 193; *Randall* v. *Baltimore, etc., R. R. Co.,* 109 U. S. 478.

It is practically conceded by appellant's counsel that the only question for discussion upon the evidence is, whether or not the injury was wilfully or purposely committed. The argument is directed to that question exclusively. But as has already been seen, the complaint presented no issue of a wilful injury. It is, therefore, wholly immaterial to consider the evidence in the aspect in which it is discussed.

We agree that wilfulness may be shown either by direct or indirect evidence, and that the unlawful intent may be either actual or constructive; but, even if the fact of wilfulness were in issue in this case, we can discover no evidence that there was either an actual or constructive intent to commit injury to any person at the time of the unfortunate occurrence which gave rise to this suit.

The decedent, with two other ladies, was walking *along* the railway track at a place where the public had no right to use the company's right of way, and without any invitation or license to do so. She and her companions chose the right of way rather than the street, because of the muddy condition of the street and the better facilities for foot travel afforded by the railway track. They were upon the track at a place where trains of cars were almost constantly passing, and where it was highly dangerous to be. If they were seen on the track by the engine driver on the approaching train, he had the right to assume that they would leave the track in time to avoid being injured, and he was not bound, in the absence of anything to indicate to him that they would not do so, to stop his train. This has been so often and so re-

cently decided by this court that we would not be justified in elaborating the reasons or citing authorities to sustain the proposition. *Palmer* v. *Chicago, etc., R. R. Co., supra; Cincinnati, etc., R. W. Co.* v. *Long, ante,* p. 166 ; Patterson Railway Accident Law, sections 199, 200, 205.

It follows that the decedent was, at the time of the injury which occasioned her death, a trespasser upon the railway company's track, and it not appearing, either by the issues presented or by the evidence given, that the injury was wilfully or purposely inflicted, the direction by the court that there should be a finding for the defendant was clearly right.

Judgment affirmed, with costs.

