Louisville, New Albany and Chicago R'y Co. *v.* Schmidt, by Next Friend.

No. 14,029.

## The Louisville, New Albany and Chicago Railway Company *v.* Schmidt, by Next Friend.

PRACTICE.—*Assignment of Error.*—*Questions Presented Therein.*—*Failure to Discuss.*—*Effect of.*—*Special Verdict.*—Where counsel fail to discuss any question presented by the record they thereby waive any that may have been involved by their assignment of error. No question is presented as to the sufficiency of the facts found in the special verdict to entitle the appellee to judgment when counsel fail to discuss the question presented by the assignment of error as to the sufficiency of the special verdict, and no objection whatever is pointed out or suggested.

RAILROAD.—*Negligence.*—*Injury to Infant.*—*Running Switch.*—In an action for damages for negligence on the part of the defendant railroad company, whereby a child of tender years was injured by a car running detached from the train at a street crossing, in the city of New Albany, the evidence showed that the employees in charge of a heavy freight train were making a running switch, crossing the public streets in the city of New Albany, where the tracks were continually being crossed and recrossed by the public, and by children, which fact was well known to said employees, and that at the time of the accident they had no watchman at the front end of the train, and no precaution was taken to avoid injury to persons travelling upon said streets and liable to cross the tracks at any time. The brakeman was upon the back end of the detached car, and gave no heed to persons and children who might be crossing the track in front of the car, and could not see what was in front.

*Held,* that the evidence clearly established negligence on the part of the defendant company.

From the Floyd Circuit Court.

*C. L. Jewett, G. W. Friedley, G. R. Eldridge, E. C. Field* and *C. C. Matson,* for appellant.

*D. C. Anthony* and *L. M. Ninde,* for appellee.

OLDS, J.—This is an action for damages for negligence on the part of the appellant, whereby the appellee was injured at a street crossing, in the city of New Albany. The case was once tried, resulting in a verdict and judgment against the appellant, and appeal taken to this court, and reversed for the insufficiency of the second paragraph of the com-

Louisville, New Albany and Chicago R'y Co. v. Schmidt, by Next Friend.

plaint. *Louisville, etc., R. W. Co.* v. *Schmidt,* 106 Ind. 73. After the case was certified back the second paragraph of the complaint was dismissed by the appellee, and the cause retried on the first paragraph of the complaint, resulting in a verdict and judgment for the appellee, from which this appeal is prosecuted. The only question discussed by counsel for appellant in their brief is the sufficiency of the second paragraph of the complaint, alleging that the second trial was had upon the second paragraph. Since the filing of the appellant's brief the record has been corrected and properly certified, showing that the cause was dismissed as to the second paragraph, and that the second trial was had on the first paragraph. Since the correction of the record counsel have had ample time to correct their brief, and discuss any questions they desired.

Counsel for appellant having failed to discuss any question presented by the record, they have waived any that may have been involved by their assignment of error.

Judgment affirmed, with costs.

Filed Sept. 17, 1890.

## ON PETITION FOR A REHEARING.

OLDS, C. J.—This case was disposed of on the ground that no question presented by the record was discussed in the brief of counsel. In the brief of counsel for appellant, on petition for rehearing, it is insisted that the original brief discussed and presented the sufficiency of the facts found in the special verdict to entitle the appellee to judgment, which is presented by the assignment of error. In this contention we can not concur. The original brief on file in this case consists in making a statement of the case ; that is to say, it states the material facts averred in the complaint, sets out a copy of the special verdict, and states that motions were made for a *venire de novo,* for judgment, for a new trial and in arrest of judgment, and a copy of the assignment of errors is also set out. Then follows a brief discussion of the suffi-

ciency of the second paragraph of the complaint, citing the decision in this case (*Louisville, etc., R. W. Co.* v. *Schmidt,* 106 Ind. 73) on the former appeal, holding such paragraph insufficient, closing with the statement that " the trial was upon an insufficient pleading." Judgment should have been arrested in accordance with appellant's motion. Reserving all other questions in the record for discussion in a supplemental brief, this is respectfully submitted." There is not, nor does there purport to be, any discussion whatever of the question presented by the assignment of error as to the sufficiency of the special verdict, and no objection whatever is pointed out or suggested.

It is proper to say, however, that the present counsel for the appellant, who file the petition and brief for rehearing, did not file the former brief, and were not, so far as the record discloses at that time, connected with the case ; nor does it appear that they have been derelict in their duties. Indeed, the record does not disclose any neglect on the part of any counsel connected with the case, for the point made and discussed in the original brief was well taken, and would have secured a reversal of the judgment had the record not been amended after it was filed. Presuming the omission to file an additional brief before the case was decided resulted from a necessary change of counsel for appellant, we have considered the question presented as to the sufficiency of the verdict, no question being made as to the sufficiency of the first paragraph of the complaint, upon which the case was tried.

The judgment must be affirmed upon this question, and no harm has resulted to the appellant by the failure to file a brief before the case was originally decided. It is contended that the special verdict states and contains mere recitals of evidence and conclusions of law, and is not a finding of such facts as entitles the appellee to judgment. In this counsel are in error. There may be some recitals and conclusions stated in the verdict which should not have been

considered and must be regarded as struck out, but eliminating all such statements of evidence and conclusions improperly contained in the verdict, and yet it states such facts as entitled the appellee to judgment.

The action is brought by Frank Schmidt, by his next friend. It is contended that the facts found show that the plaintiff's parents who had the care and control of the plaintiff, then a child less than three years old, permitted him to go unattended away from home and upon the appellant's railroad track, and that the negligence of the parents will be imputed to the plaintiff and prevent a recovery. Even if the negligence of the parents of a child can be imputed to the child and prevent a recovery when the action is in favor of the child for damages for injuries sustained (*Chicago City R. W. Co.* v. *Wilcox*, 24 N. E. Rep. 419; *City of Indianapolis* v. *Emmelman*, 108 Ind. 530), yet the facts found in this case do not show any negligence on the part of the parents of the appellee; on the contrary, the facts found show that the mother of the appellee, who had charge of him, exercised the utmost caution and looked after the child with great vigilance, and his entering upon the railroad track was in no way attributable to her negligence or carelessness, and he was injured upon a public street crossing.

It is further contended that the facts found do not show the injury to have been caused by the negligence of the agents and servants of the appellant. We think otherwise. They show that the employees, in charge of a heavy freight train, were making a running switch, crossing the public streets in the city of New Albany, where the tracks were continually being crossed and recrossed by the public and by children, which fact was well known to said employees, and that at the time they had no watchman on the front end of the train, and no precaution was taken by them to avoid injury to persons travelling upon said streets and liable to cross the tracks at any time. The car which ran against the plaintiff was running detached from the train, and the injury oc-

curred upon a street crossing. ˙ The brakeman was upon the back end of the car and gave no heed to persons and children who might be crossing the track in front of the car, and could not see what was in front.   See 2 Shearman & R. Neg. (4th ed.), section 408 ; *Butler* v. *Milwaukee, etc., R. W. Co.,* 28 Wis. 487.   We have not deemed it important to set out all the facts found, as they clearly show negligence and want of caution to prevent injury to persons lawfully upon the public streets along which and across which they were running their train and detaching cars while the train was in motion, causing and allowing the cars to run across street crossings while detached from the train and without any person to give warning of their approach.

The petition for a rehearing is overruled.

