Dissenting Opinion.
McEnery, J.
The uniform doctrine announced by this court has heretofore been that if the evidence shows that the plaintiff himself was guilty of contributory negligence there can be no recovery, and that the plaintiff must show that he was in the exercise of due care when the injury happened. The proof need not be direct, but may be inferred from the circumstances.
It is useless to cite authorities, as every case in our reports where the fact of contributory negligence has been discussed this doctrine has been affirmed.
In the case of White and Husband vs. Vicksburg, Shreveport & Pacific Railroad Company, 42 An. 992, in referring to this well established doctrine the court said: “ The defence is a general denial, and a plea of contributory negligence. It has been ruled with such frequency and uniformity as to make its iteration here merely formal, that to sustain recovery in such a case it must appear from the record: (1) that the defendant was guilty of negligence; (2) that the party injured was guilty of no contributory negligence — i. e., negligence but for which, notwithstanding defendant’s negligence, would have been avoided.”
The facts, as stated in the opinion, show that the accident could not have happened had it not been for plaintiff’s negligence. Factors and Traders Insurance Company et al. vs. Philip Werlein, 42 An. 1047; Stella v. Burbank, vs. Illinois Central Railroad Company, 42 An. 1156; Dennis Clements and Wife vs. Louisiana Electric Light Company, 44 An. 692; Herman Herlisch vs. The Louisville, New Orleans & Texas Railroad Company 44 An. 280; Mrs. Nina Palard vs. Chicago, St. Louis & New Orleans Railroad Company et al., 44 An. 1003; Mrs. M. D. Ryan vs. Louisville, New Orleans & Texas Railroad Company, 44 An. 806.
*1557 The negligence imputed to the railroad company is that its servants in charge of the train did not see the deceased until too late to avoid the injury, and a failure to give the necessary signals in passing through the town of Monroe.
It has been uniformly held by this court that when the defendant has contributed to his own injury he can not recover, unless there has also been negligence on the part of the defendant, amounting to a wanton and reckless infliction of the injury.
While it has been held and seems to be the universal rule chat the railroad company owes no duty to a trespasser upon its track to keep its machinery in order for his benefit, I think in this case if the injury had been inflicted at the time when the engine was out of order, that an envelope of smoke and steam covered it and the engineer’s vision was so obstructed that he could not see beyond the engine, and the headlight of the engine was so hidden by a curtain of steam and smoke in front of it, so that it was practically extinguished, reckless and wanton infliction of injury could justly be inferred from the negligence of the company in running such a train over its tracks.
But the opinion eliminares this defective condition of the engine from the facts which led to the accident and unfortunate death of plaintiff’s son. It is stated that the train was running very slow, the headlight was shining brightly, and that objects on the track ■ could be seen at a distance of one hundred and fifty feet or more. The negligence of defendant, then, was not in giving the signals that the train was on its way from depot to depot in a town, and the failure of the employés to see the deceased in time to avert the injury.
These omissions of defendant’s servants, I respectfully submit, can not be classed with that degree of negligence which is called wanton or reckless.
There is ample authority in our reports for this statement. In case of Brown vs. Railroad Company, 42 An. 356, the accident happened at a railroad crossing. In that case we said: “It was negligence on the part of the engineer to have omitted to sound the whistle at a quarter of a mile before that crossing; but that omission did not render the accident inevitable if, on the other hand, Brown had been sufficiently prudent and careful when he approached the crossing.”
The opinion is supported by a long citation of authorities, among the number the case of Continental Improvement Company vs Stead, *1558 95 U. S. Rep. 161, in which case the United States Supreme Court said: “No failure on the part of the railroad company to do its duty will excuse any one from using the senses of sight and hearing upon approaching a railroad crossing, and whenever the due use of either sense would have enabled the injured person to escape the danger the injury is conclusive of negligence, without any reference to the railroad’s failure to perform its duty.”
The principle announced in this case was more emphatically expressed in Herlisch vs. Railroad Company, 44 An. 280, in which we said: “A careful examination of all of the testimony has fully satisfied us of the correctness of his statements in the main, and it further satisfies us that the defendant’s employés were neglectful of their duties under the general principles of law as well as under the ordinances of the municipality, in reference to keeping a flagman at the street crossing, the exhibition of a red light, etc. And the evidence renders it exceedingly doubtful that a bell was rung or a whistle sounded.
“Taken all in all, however, the evidence fairly makes out a case of negligence on the part of the company. They were evidently unmindful of the rights of pedestrians, who had equal rights to use the crossings, as they had to pass their trains over it.
“But while this is perfectly true, we are quite as thoroughly satisfied that the plaintiff was himself guilty of negligence, which directly caused or contributed to the accident by which his injuries were inflicted.” Also see Mrs. Kate A. White and Husband vs. Vicksburg, Shreveport & Pacific Railroad Company, 42 An. 990; Emma Brown et al. vs. The Texas & Pacific Railway Company, 42 An. 350.
In the cases cited the accidents were at the crossings, where the defendant had a right to be. In the instant case the accident happened where the plaintiff had no right to be, as he was in fact a trespasser on defendant’s track.
The court held in the cases referred to that the negligence was simple negligence, not amounting to wantonness or recklessness, or, to define it more exactly, the purposely inflicting of the injury. If the court had not so held, judgment would necessarily have been for plaintiff. Also see L. & N. R. R. vs. Markee, 15 So. Rep. (Ala.) 511; also see Verner vs. R. R., 15 So. Rep. (Ala.) 874.
Considering the negligence of the railroad officials, the evidence shows that deceased was equally negligent,, therefore the fault of *1559 both was mutual, and no suit for damages can be maintained. Factors and Traders Insurance Company et al. vs. Philip Werlein, 42 An. 1050; Henry Levy vs. The Carondelet Canal and Navigation Company, 34 An. 180; A. F. Cochran vs. Ocean Dry Dock Company, John L. Sterry et al., Third Opponents, 30 An. 1365; Dennis Clements and Wife vs. Louisiana Electric Light Company, 44 An. 692.
I will refer to only recent cases in other jurisdictions, which are in line with the jurisprudence of this State. I know of no exception to the rule stated above.
In the case of Railway Company vs. Regan, 107 Ind. 51 (7 N. E. R. 807), the facts were that the injury occurred at a street crossing in a populous city, where the injured party was not a trespasser, where he had the right to be, and where the company was required to anticipate his presence. Plaintiff’s demand was rejected, the court saying: “To constitute a wilful injury, the act which produced it must have been intentional, or must have been done under such circumstances as evinced a reckless disregard for the safety of others and a willingness to inflict the injury complained of. It involves conduct which is quasi-criminal.
In the case of Baker vs. Pennsylvania Company, N. E. Rep. 504, the syllabus is: “Though there are usually large numbers of people in the immediate vicinity of such switch and archway, and a four-foot walk along one side of the latter, which is used by persons passing through it, the running of a car through such archway at a high rate of speed is nothing more than negligence in the absence of actual knowledge by the company’s operatives of the presence of deceased in such archway, and is not such wilfulness as renders the company liable notwithstanding deceased’s negligence.”
In distinguishing between wilfulness and negligence, the court, in the case cited, said wilfulness does not consist in negligence; on the contrary, as illustrated in the case of Bryan vs. Mann, heretofore cited, the two terms are incompatible. “ Negligence arises from inattention, thoughtlessness or heedlessness, while wilfulness can not exist without purpose or design. * * * The railroad company owes to the trespasser no protection against negligence. It does owe him the duty of all reasonable effort to avoid injuring him when his presence and his own inability to avoid injury are known to it, but does it owe such duty when his presence is not known? It would seem that a negative answer is all that the inquiry is susceptible of. *1560 ;The circumstances should be such as to charge the operatives with knowledge, actual or imputed, of the presence of the trespasser, and •of his inability to avoid injury, before any duty of the company arises to require of it affirmative acts or efforts to avoid injuring him. By imputed knowledge in such case, we mean such as should be implied from the conduct of the party or others within the actual sight or hearing of such operatives. It is upon such knowledge that wantonness is held the equivalent of wilfulness.” Louisville & Nashville Railroad Company vs. Markee, 15 So. Rep. 511; Verner vs. Alabama G. S. R. Co., 15 So. Rep. 872; Oatts vs. Cincinnati, New Orleans & Texas Pacific Ry. Co., 22 Southwestern, 330; Texas & Pacific Railway Co. vs. Nicholson et al., 22 Southwestern Rep. 770; France’s Admr. vs. Louisville & Nashville Railroad Co., 22 Southwestern Rep. 851; Chenery vs. Fitchburg Ry. Co., 35 Northeastern, 554; McAdoo vs. Richmond & Danville Ry. Co., 11 Southeastern Rep. 316; Hogan’s Admr. vs. Tyler, 17 Southeastern Rep. 723; Marks Admr. vs. Railway Co., 13 Southeastern Rep. 299.
The list of authorities in support of the doctrine in the above cases •could be extended to an indefinite length.
The distinction between negligent injury and one resulting from wilfulness is clearly defined in American and English Encyclopedia of Law, 36th par., page 80, Vol. 4, and notes. It is there stated: “Wilfulness and negligence are the opposites of each other, the one signifying the presence of intention or purpose, the other its absence.”
The case of Grand Trunk Railway Company vs. Ives, 144 U. S. 429, quoted approvingly in the opinion, is opposed to the views expressed in the opinion.
In this case the court emphatically announced the doctrine that if the deceased contributed by his negligence to the injury, the railroad was not responsible, and the opinion of the court is in line with the weight of authority and the few cases referred to herein.
In charging the jury as to the degree of care exercised by the deceased the lower court said: “If he did so act, and the railroad company was negligent, his administrator is entitled to your verdict, whether it was negligent or not. If it was not negligent it is entitled to your verdict, no matter how Smith acted.”
Mr. Justice Lamar, the organ of the court, in commenting on these instructions, said in the opinion: 1 ‘ These instructions are so full and *1561 ■complete, and are in such entire accord with the rules of law applicable to cases of this character, that no fault whatever can be found with them.”
To support the opinion, references are made to Pierce on Railroads, p. 343, where the law is stated to be that if the injured party at a railroad crossing fails to listen for signals and to look for trains in different directions he can not recover of the company, although it may be chargeable with negligence, or have failed to give the signals required by statutes, or be running at the time at a speed exceeding the legal rate; and reference is also made to 4 Am. and Eng. Ency. of Law, 68, 78 and notes.
This opinion has already exceeded proper limits, and I will conclude by saying that the authorities all say, cases and text-books, that the ■operative of the railroad must have knowledge, either actual or imputed, of the presence of the trespasser upon its tracks, and that the railroad company can be held liable only when, knowing the presence of the trespasser upon its track, it fails to timely provide efforts to prevent injury to him.
The deceased was making use of the railroad embankment for bis ■own convenience. It is not in evidence that the operatives knew he was on the track. The fact of their not having seen him is not ■even negligence, certainly not such a degree of wantonness as to amount to wilful infliction of the injury.
Rehearing refused.