Miller *v.* Miller.

---

MILLER *v.* MILLER.

[No. 2,183. Filed May 26, 1897.]

PLEADING.—*Must Proceed Upon a Single Theory.*—A pleading cannot proceed upon more than one theory, and if, in form, it does, the court may construe it as proceeding upon the theory most apparent and most clearly authorized by the facts stated, and require the case to be tried upon that theory. *p. 608.*

SAME.—*Complaint.—Negligence.—Willfulness.*—A complaint alleging that defendant "purposely, wrongfully and negligently," set fire to certain straw and stubble which he had purposely and negligently permitted to accumulate upon his lands, at a time of drought and while a stiff wind was blowing toward plaintiff's land, so that it was impossible to control the fire which spread to plaintiff's premises, proceeds upon the theory of negligence. *pp.' 608, 609.*

SAME.—*Construction Of.*—The language used in a pleading must be given a reasonable and fair construction, and in determining the rights of the parties thereunder the court will look to the nature of the acts alleged. *p. 609.*

APPEAL.—*Weight of Evidence.*—The Appellate Court will not interfere with the verdict of the jury where there was some evidence to support it. *p. 613.*

From the Randolph Circuit Court. *Affirmed.*

*J. A. Shockney, C. D. Bowen* and *Theodore Shockney,* for appellant.

*J. A. Cheney, E. L. Watson, J. W. Macy* and *J. P. Goodrich,* for appellee.

ROBINSON, J.—Appellant brought suit against appellee to recover damages for the destruction by fire of certain property. A trial by jury resulted in appellee's favor.

The only error assigned is the overruling of appellant's motion for a new trial.

A new trial was asked on the ground that the verdict of the jury was not sustained by sufficient evidence, was contrary to the evidence, and contrary to the law; and for error of the court in giving to the jury certain instructions, and in refusing to give certain instructions requested by appellant.

In the first paragraph of the complaint it is alleged, among other things, that the appellee's lands adjoined the lands of appellant; that appellee had purposely and negligently permitted a large quantity of straw and stubble to accumulate and to be spread over his land; that on the day of the fire there was, and had

been for a long time prior thereto, a great drought; that the earth was dry and parched and said stubble and straw were very dry and combustible; that a "stiff" wind was blowing from the direction of appellee's farm towards appellant's land; and while it was very hot and dry, and during said drought, and while the wind was so blowing, the appellee, "without any fault or negligence on the part of the plaintiff, purposely, wrongfully and negligently set fire to said stubble and straw, so allowed to accumulate on his said land, and caused the same to be fired in many places on his said land, so much so that the defendant was not able to, and did not and could not, control the same, and the said fire spread over said straw and stubble, and created a great and furious fire and conflagration, and the same was not controlled by the defendant, but by reason of the carelessness and negligence of the defendant said fire extended to the lands and fences of this plaintiff," destroying appellant's property, and that "said fire was not the result of any fault, carelessness or negligence of this plaintiff."

The allegations of the second paragraph of complaint, as to the manner in which the fire was started, are substantially the same as those of the first paragraph.

The theory of the trial court was, that the case as made by the pleadings and the evidence was an action for damages by reason of negligence, and that the case is not one seeking redress for a willful injury.

Counsel for appellant insist that the acts alleged in the pleading and proved by the evidence show appellee to have been guilty of a positive wrong, and that the injury was willfully committed. A determination of this question will decide many of the questions arising upon the giving and refusing to give instructions to the jury. As stated by counsel in their brief, ap-

pellant's contention is, that "under the complaint in this action it was not necessary to show that the plaintiff was free from contributory negligence, if, from the evidence, it was shown that the appellee was guilty of a positive wrong."

Every complaint must proceed upon some single, definite theory. This theory can be gathered only from the general scope and tenor of the pleading. Whether a complaint charges a willful tort, or negligent act must be determined from the language used by the pleader. The pleading cannot proceed upon more than one theory, and if it does, the court may construe it as proceeding upon the theory most apparent and most clearly authorized by the facts stated, and require the case to be tried upon that theory. *Batman* v. *Snoddy*, 132 Ind. 480; *Monnett* v. *Turpie*, 132 Ind. 482; *Feder* v. *Field*, 117 Ind. 386; *First Nat. Bank* v. *Root*, 107 Ind. 224; *Western Union Tel. Co.* v. *Reed*, 96 Ind. 195, and cases cited; *Mescall* v. *Tully*, 91 Ind. 96, and cases cited.

The trial court did right in holding that the pleading proceeds upon the theory that the defendant was guilty of negligence. It is true, the pleading alleges that the appellee purposely, wrongfully, and negligently set fire to grass and stubble on appellee's land, and that the fire extended to appellant's land by reason of the carelessness and negligence of the appellee. The allegation that the fire was purposely set is not sufficient to show an aggressive willful tort. Ordinarily, a person has the right to use his premises as he pleases. It is true, all the circumstances existing at the time must be taken into consideration, but the facts alleged are not broad enough to cover appellant's contention. To charge such an act it must appear that the appellee, by his acts, intended to injure appellant, or that he acted with such a disregard

of appellant's rights that the law will presume that he intended that the results would follow which did follow.

To charge that an act is "purposely" done in a case like that at bar, is not equivalent to a charge that it is "willfully" done. Even if it should be held that these words are equivalent, appellant's contention would not be strengthened. A pleading that avers that an act was negligently and willfully done is inconsistent in itself. Negligence and willfulness are the opposites of each other. An action cannot at once be the result of inattention and indifference, and of intention and design. An act that has been done willfully could not have been done negligently. Negligence implies the omission of duty and excludes the idea of willfulness. A pleading that alleges both is not strengthened, for the difference between the two is clear and well defined, and there is no middle ground upon which the pleader can stand and hope to draw strength from both sources. Beach Cont. Negl., section 62, *et seq.* If the act was willfully done the question of negligence cannot enter into the case. The aggressive wrong and not negligence is the basis of liability for a willful injury. In such a case a plaintiff is required to prove neither the negligence of the defendant, nor his own freedom from contributory negligence. *Chicago, etc., R. R. Co.* v. *Nash,* 1 Ind. App. 298.

The language used in a pleading must be given a reasonable and fair construction, and in determining the rights of the parties thereunder the court will look to the nature of the acts alleged. The use of epithets adds no force to a complaint. Thus, in *Cleveland, etc., R. W. Co.* v. *Asbury,* 120 Ind. 289, where the complaint in an action for negligence charged defendant with

VOL. 17—39

negligence, but used the qualifications "wanton," "willful" and "with the intention to injure the plaintiff," it was held that the *gravamen* of the action was simple negligence.

In the case of *Chicago, etc., R. R. Co.* v. *Hedges, Admx.*, 105 Ind. 398, it was alleged that the appellant "did then and there, carelessly, negligently, purposely, willfully and recklessly detach said locomotive engine from said train of cars, they being then in motion, etc., * * * negligently, purposely, willfully and recklessly leaving said train to follow, etc.," as the decedent "was in the act of passing over said main track, * * * the defendant * * carelessly, negligently, purposely, willfully and recklessly caused said train of cars to approach said crossing, and negligently, carelessly, purposely, willfully and recklessly omitted," to give any signal, and that by reason of "said careless, negligent, willful and reckless management of said train of cars," they ran upon decedent, causing his death, "without any negligence or want of ordinary care on his part." In holding that this complaint did not charge a willful killing, Black, C. J., speaking for the court, said: "Notwithstanding the frequent use of the words, 'purposely' and 'willfully,' the pleading does not charge that the defendant purposely or willfully killed the intestate, or purposely or willfully ran the train upon him, or purposely or willfully caused it to be run upon him. The allegations amount to no more than a charge of killing through negligence." See *Terre Haute, etc., R. R. Co.* v. *Graham*, 95 Ind. 286.

Although the condition of the atmosphere and the material to be burned may be such at the time that to kindle a fire a person of ordinary prudence would know that sparks would almost inevitably fly into adjacent combustible material and ignite it, yet the ques-

tion would be one of a negligent act and not a willful tort.

Thus, in *Brummit* v. *Furness*, 1 Ind. App. 401, the court said: "And so we think it quite analogous to reason that where the fire is immediately surrounded by highly combustible and inflammable material up to the very border of the adjacent proprietor's soil, * * * it cannot be denied that it is an act of negligence to kindle such fire; and that it is a sequence reasonably to be expected that the slightest breeze will carry sufficient sparks of fire into such combustible matter and ignite it, consuming whatever property will burn which lies in its pathway." Citing *Louisville, etc., R. W. Co.* v. *Nitsche,* 126 Ind. 229, 9 L. R. A. 750.

"It is only necessary to charge, in a complaint which seeks redress for a willful injury, that the injurious act was purposely and intentionally committed, with the intent willfully and purposely to inflict the injury complained of." *Gregory, Admr.,* v. *Cleveland, etc., R. R. Co.,* 112 Ind. 385; *Louisville. etc., R. R. Co.* v. *Hart,* 2 Ind. App. 130.

"To constitute a willful injury, the act which produced it must have been intentional, or must have been done under such circumstances as evinced a reckless disregard for the safety of others, and a willingness to inflict the injury complained of. It involves conduct which is *quasi criminal.*" *Louisville; etc., R. W. Co.* v. *Bryan,* 107 Ind. 51. See *Louisville, etc., R. W. Co.* v. *Schmidt,* 106 Ind. 73.

In *Pennsylvania Co.* v. *Sinclair,* 62 Ind. 301, cited by appellant's counsel, it was held that an averment that a train of cars was running "at a recklessly and grossly negligent and dangerous rate of speed," etc., did no more than charge negligence. In that case the court said: "As a matter of evidence, proof that the misconduct of the defendant was such as to evince an

utter disregard of consequences, so as to imply a willingness to inflict the injury complained of, may tend to establish willfullness on the part of the defendant; but, to authorize a recovery on such evidence, there must be suitable allegations in the complaint to which it is applicable."

Appellant's counsel cite the case of *Louisville, etc., R. W. Co.* v. *Nitsche, supra,* as sustaining their position that the case at bar shows appellee liable for a willful tort. But we do not understand that case. to declare the rule as contended by appellant. It is true, in that case, it is said that the act of the party charged with the wrong was something more than "culpable negligence," and that it was a "positive wrong." That expression was used to characterize the act of a railroad company which, in a season of great drought, set out fire on its right of way which extended over beds of turf or peat, the same material forming the surface of the body of adjoining lands. When it is said that the doing of an act is a "positive wrong," we do not understand that it is meant that a positive wrong results necessarily from an act willfully done. The doing of certain wrongful acts might amount to negligence *per se,* and still fall short of showing the doing of a willful injury. In the case above it was said, that "it was a tortuous act to set out the fire which caused the plaintiff's injury." Thus, it seems that the opinion characterized the act as a positive wrong, and also as a tortuous act, and that these expressions are intended to mean the same. In another part of the opinion it is said that, "One who is himself without fault, has, in justice and common fairness, a right to recover from one who has caused him loss by a tortuous act." Thus it appears that the element of contributory negligence was recognized as an element in that

case, which would not have been done in case of willful injury.

As we construe the paragraphs of complaint, to entitle the appellant to recover upon his pleadings, the burden was upon him to show, by a fair preponderance of the evidence, that the appellee was negligent, and that he himself was free from any negligence proximately contributing to the injury.

Much of the evidence as to the relative location of certain fields that were burned over, and as to the location of fences and buildings, is very unsatisfactory as it comes to us in the record, for the reason that witnesses testified by referring to a plat that seems to have been used on the trial, but which has not been brought up in the record. After a careful reading of the evidence, we can only conclude that there was evidence upon every material question necessary to sustain the finding of the jury. It is true, on some material points there is a conflict, but this court cannot weigh the evidence to determine where the preponderance lies. The jury saw the witnesses and heard them testify, and under the long settled rule, where there is some evidence to support the verdict, we cannot interfere. The evidence fully sustains the theory of the trial court that the wrong committed by appellee, if one was committed, was not a willful injury. *Isler* v. *Bland*, 117 Ind. 457; *Balue* v. *Sear*, 131 Ind. 301; see *Cleveland, etc., R. W. Co.* v. *Wynant*, 134 Ind· 681; *Louisville, etc., R. W. Co.* v. *Berkey, Admr.*, 136 Ind. 181.

The only objections urged by appellant's counsel to the instructions given to the jury by the court of its own motion, and to those given to the jury at the request of appellee, are based upon appellant's construction of the pleadings and the evidence, that they show a willful wrong, and not merely a negligent act.

From what has already been said, this contention can not prevail. As we view the complaint and the evidence, the instructions given to the jury correctly state the law. The instructions requested by appellant, which were refused by the court, are based upon appellant's construction of the pleadings and evidence. The third instruction requested by appellant was as to appellee's liability in the event it should be found that the fire was started by some person other than the appellee, but at his instance and request. Without deciding whether this instruction, as requested, stated the law correctly, it is sufficient to say that upon the point mentioned the jury were instructed by the court.

After careful examination of all the instructions given, we think that, taken as a whole, they contained a full and fair statement of the law applicable to the issue and the evidence in the cause.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed.