## BARRETT v. CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

[No. 7,325.   Filed November 22, 1911.]

1. PLEADING.—*Insufficient Complaint.—Defective Answer.*—Where a complaint is bad, the overruling of a demurrer to a bad paragraph of answer, is not prejudicial. p. 671.

2. NEGLIGENCE.—*Wilful Injuries.—Complaint.*—A single paragraph of complaint cannot combine a negligent injury with a wilful one, such torts being inconsistent; and where both are alleged the court must determine from the language used which was really intended. p. 671.

3. RAILROADS.—*Rights of Way.—Destroying Drain.—Negligence.— Complaint.*—A complaint alleging that defendant railroad company "negligently, wilfully and purposely broke the tile" under its main track upon its right of way, will be construed as counting on a negligent and not a wilful injury. p. 673.

4. NEGLIGENCE.—*Elements.—Knowledge.—Complaint.*—A complaint for negligence must allege facts showing a duty owing to plaintiff from defendant, and that the defendant had knowledge thereof. p. 673.

5. RAILROADS.—*Drains.—Destruction of.—Complaint.*—A complaint alleging that defendant railroad company negligently destroyed plaintiff's drain on its right of way is not sufficient, where it

fails to show that the drain was a natural watercourse, or a public drain, or that defendant had knowledge thereof, or that the plaintiff had any contractual or prescriptive right to the use thereof. p. 674.

6. RAILROADS.—*Surface-Waters.*—Railroad companies are not required to provide for the drainage of surface-waters from the lands of others. p. 674.

From Rush Circuit Court; *Will M. Sparks,* Judge.

Action by Cyrus C. Barrett against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Newby & Newby* and *Megee & Kiplinger,* for appellant.

*Frank L. Littleton, C. E. Cowgill* and *L. J. Hackney,* for appellee.

ADAMS, J.—Appellant, who was plaintiff below, brought this action against appellee, to recover damages for the breaking down of a tile-drain on the right of way and under the tracks of the appellee. After alleging that appellee is a corporation operating a line of railway from the city of Anderson, Indiana, south through Rush county, and over and through the lands of appellant in said county, it is averred "that before said railway was constructed there was a good and sufficient tile drain across the lands of plaintiff, running from a westerly to an easterly direction to the lands of Frederick Leisure, and thence to Blue river; that said drain was ample and sufficient properly to drain said lands of plaintiff, but that said defendant constructed its said railway across said lands from a northeasterly to a southwesterly direction over and across said tile drain; that on or about April 1, 1906, said railway company negligently, wilfully and purposely broke the tile in said drain at a point under its main track, on its right of way on said lands, thereby causing said drain to cave in and obstruct the free flow of water therethrough; that, as a further obstruction to the flow of water through said drain, said railway company, by its officers, agents and employes, filled

said drain with dirt and gravel, so as wholly to obstruct the flow of water through said drain, and thereby caused the water that should flow through said drain to back and overflow the lands of plaintiff, so as to render said lands unfit for farming or for any purpose whatever; that before said drain was so broken and filled by defendant, said lands were fertile, dry and very productive, and in fit and proper condition to raise all kinds of farm products, but by the action of defendant, aforesaid, said lands were rendered wet and unfit for farming or for any other purpose; that by reason of the action of defendant, its agents and employes, said plaintiff's lands and all growing crops thereon were overflowed each and every year since the obstruction was made, and a large tract of land, to wit, twenty-five acres, was rendered useless and of no value, to the injury and damage of the plaintiff in the sum of $1,000.''

Appellee demurred to this complaint for want of facts sufficient to constitute a cause of action, which demurrer was overruled by the court. The answer was in two paragraphs. The first was in denial, and the second set out facts relating to the time, terms and manner of acquiring the right of way across appellant's farm, and the right secured to appellee by the deed of conveyance. A demurrer was addressed to the second paragraph of answer, and was not only overruled, but was carried back by the court, and sustained to the complaint.

Appellant refused to plead further and elected to stand by his exception to the action of the court in overruling his demurrer to the second paragraph of answer, and carrying said demurrer back, and sustaining it to the complaint. Judgment was rendered against appellant for costs.

Several errors are assigned, but the error argued and relied on for reversal in this court relates to the overruling of appellant's demurrer to the second paragraph of answer, and the action of the court in carrying said demurrer back, and sustaining it to the complaint.

If there was no error in sustaining the demurrer to the complaint, then the action of the court in overruling the demurrer to the second paragraph of answer would not be error, even if said paragraph were bad, under the well-recognized rule that a bad answer is good enough for a bad complaint. *Alexander* v. *Spaulding* (1903), 160 Ind. 176; *Grace* v. *Cox* (1896), 16 Ind. App. 150.

The sufficiency of the complaint, therefore, is the only question to be determined upon this appeal. Before considering the main question, however, the nature of the action set forth in the complaint must be determined. It will be noted that the act complained of is that the tile in the ditch was negligently, wilfully and purposely broken by appellee, at a point under its main track, and on its right of way. It is clear that an act could not be done both wilfully and negligently. Wilfulness and negligence are diametrically opposite to each other. One imports inattention, inadvertence and indifference, while the other imports intention, purpose and design. There can be no negligence with intent, and no wilfulness without intent. It does not strengthen a pleading to allege both negligence and wilfulness. The action must be predicated upon one theory or the other. *Miller* v. *Miller* (1897), 17 Ind. App. 605, 609; *Louisville, etc., R. Co.* v. *Bryan* (1886), 107 Ind. 51, 54.

" 'The pleader is not at liberty to leave his pleading open to different constructions, and then take his choice between them.' [*Van Etten* v. *Hurst* (1884), 6 Hill 311, 41 Am. Dec. 748.] Facts must be stated directly and positively, and not indirectly nor in the alternative." *Langsdale* v. *Woollen* (1889), 120 Ind. 78, 80.

In the case of *Miller* v. *Miller, supra,* at page 608, the court said: "Every complaint must proceed upon some single, definite theory. This theory can be gathered only from the general scope and tenor of the pleading. Whether a complaint charges a wilful tort, or negligent act, must be

determined from the language used by the pleader. The pleading cannot proceed upon more than one theory, and if it does, the court may construe it as proceeding upon the theory most apparent and most clearly authorized by the facts stated, and require the case to be tried upon that theory.''

In the case of *Gregory* v. *Cleveland, etc., R. Co.* (1887), 112 Ind. 385, it is said: ''There is a clear distinction between cases which count upon negligence as a ground of action and those founded upon acts of aggressive wrong or wilfulness, and a pleading should not be tolerated which proceeds upon the idea that it may be good either for a wilful injury or as a complaint for an injury occasioned by negligence. It should proceed upon one theory or the other, and is to be judged from its general tenor and scope.'' In the same case, at page 387, it is said: ''It is only necessary to charge, in a complaint which seeks redress for a wilful injury, that the injurious act was purposely and intentionally committed, with the intent wilfully and purposely to inflict the injury complained of.''

In the case of *Louisville, etc., R. Co.* v. *Schmidt* (1886), 106 Ind. 73, 74, it is said: ''A pleading is to be judged from its general scope, and not from detached phrases or epithets cast into it.'' To the same general effect are the following cases: *Phenix Ins. Co.* v. *Rogers* (1894), 11 Ind. App. 72, 75; *Hasselman* v. *Japanese Develop. Co.* (1891), 2 Ind. App. 180, 188; *Carter* v. *Lacy* (1891), 3 Ind. App. 54, 57; *Cleveland, etc., R. Co.* v. *Stuart* (1900), 24 Ind. App. 374; *F. C. Austin Mfg. Co.* v. *Clendenning* (1899), 21 Ind. App. 459; *Terre Haute, etc., R. Co.* v. *McCorkle* (1895), 140 Ind. 613, 622; *Chicago, etc., R. Co.* v. *Bills* (1885), 104 Ind. 13, 16; *Bremmerman* v. *Jennings* (1885), 101 Ind. 253, 257; *Western Union Tel. Co.* v. *Reed* (1884), 96 Ind. 195, 198; *Speeder Cycle Co.* v. *Teeter* (1897), 18 Ind. App. 474; *Richardson* v. *League* (1899), 21 Ind. App. 429; *Mescall* v. *Tully* (1883), 91 Ind. 96, 99.

"To constitute a wilful injury, the act which produced it must have been intentional, or must have been done under such circumstances as evinced a reckless disregard for the safety of others, and a willingness to inflict the injury complained of. It involves conduct which is *quasi*-criminal." *Louisville, etc., R. Co.* v. *Bryan* (1886), 107 Ind. 51.

The breaking of the tile is declared to have been done negligently and wilfully. As we have seen, the injury could not have resulted from both negligence and wilfulness, and it is for the court to determine the theory of the complaint from its tenor and scope, without reference to the characterization of the act complained of. In this we are not greatly aided by the averments of the complaint. It is not 3. shown in what manner the tile was broken, nor the means employed in breaking it, but it is averred that it was broken under the main track, and upon the appellee's right of way. This, as well as the fact that the word "negligently" is given precedence, would seem to negative the idea of wilfulness. It is highly improbable that appellee would seek to injure appellant at a place and in a manner involving danger and inconvenience to it, when the same thing might have been done more easily elsewhere on the right of way. We are, therefore, constrained to hold that the words "wilfully and purposely" do not control, but that the complaint is one for injury occasioned by negligence. *Miller* v. *Miller, supra; Chicago, etc., R. Co.* v. *Hedges* (1886), 105 Ind. 398; *Cleveland, etc., R. Co.* v. *Asbury* (1889), 120 Ind. 289; *Louisville, etc., R. Co.* v. *Schmidt* (1886), 106 Ind. 73; *Sherfey* v. *Evansville, etc., R. Co.* (1890), 121 Ind. 427.

The question for determination is, Does the complaint state a cause of action for negligence? It is elemental that 4. in such actions the complaint must allege a duty owing by the defendant to the complaining party, or state facts from which the law will imply such duty. It is also necessary to state that the party bound to perform

the duty had knowledge, actual or constructive, of such duty. Negligence being the unintentional failure to perform a duty, required or implied by law, knowledge is an essential element. If there is no duty, there can be no negligence, and even if there is duty, without knowledge of the facts giving rise to the duty, there can be no negligence. *Buck* v. *Foster* (1897), 147 Ind. 530, 62 Am. St. 427.

The complaint only states that before the construction of appellee's railroad there was a good and sufficient tile-drain from the lands of appellant through the lands of another, and thence to the outlet; that, at a subsequent date, appellee broke down the tile under its main track, and on its right of way, and also filled up the drain. It is not shown how or from whom the right of way was obtained, nor that appellee had any knowledge of the existence or the location of the tile-drain. No contractual or prescriptive right is claimed by appellant, and it does not appear that the ditch was a natural watercourse, or a public drain.

The evident theory of the complaint is that appellee, having come into possession of a right of way across which a private tile-drain extended, and through which appellant secured an outlet for the surface-water accumulating upon his lands, was bound to keep such tile-drain in working order, for the benefit of appellant. The law does not impose such a burden upon appellee.

This subject was fully discussed in the well-considered case of *Cleveland, etc., R. Co.* v. *Huddleston* (1899), 21 Ind. App. 621, 69 Am. St. 385, and the principle stated as follows: "An artificial waterway may not be constructed or maintained, except by authority of law, or under a contract, in any case where it imposes a burden upon the property of an adjacent owner." In the same case, at page 625, the court quoted with approval the following, from *O'Connor* v. *Fond du Lac, etc., R. Co.* (1881), 52 Wis. 526, 9 N. W. 287, 38 Am. Rep. 753: "The company has only obstructed a

ditch which drained or carried off surface-water from the plaintiff's premises. We do not think the defendant was bound to keep that ditch open on its own land for the convenience of the plaintiff; in other words, the owner of land is under no legal obligation to provide a way for the escape of mere surface-water coming onto his land from the land of his neighbor, but has the right to change the surface of the ground so as to interfere with or obstruct the flow of such water." See, also, *Jean* v. *Pennsylvania Co.* (1894), 9 Ind. App. 56; *New York, etc., R. Co.* v. *Speelman* (1895), 12 Ind. App. 372; *Cairo, etc., R. Co.* v. *Stevens* (1881), 73 Ind. 278, 38 Am. Rep. 139; *Clay* v. *Pittsburgh, etc., R. Co.* (1905), 164 Ind. 439; *Atchison, etc., R. Co.* v. *Hammer* (1879), 22 Kan. 763, 31 Am. Rep. 216.

The complaint does not state a cause of action, and there was no error in carrying back and sustaining a demurrer thereto.

Judgment affirmed.