MAY TERM, 1893. 563

Citizens' Street R. R. Co. of Indianapolis v. Willoeby, by Next Friend.

No. 15,808.

THE CITIZENS' STREET RAILROAD COMPANY OF INDI-
ANAPOLIS v. WILLOEBY, BY NEXT FRIEND.

PLEADING.—*Complaint.*—*Theory of.*—A complaint must proceed upon
some definite theory to be gathered from the general scope of the
pleading, and not from detached allegations.

MASTER AND SERVANT.—*Liability of Master for Willful Injury by Serv-
ant.*—Where a servant, acting within the scope of his authority,
willfully inflicts an injury on another, the master will be liable in
damages to the injured person.

INSTRUCTION TO JURY.—*Personal Injury.*—*Intent.*—*Characterization of
Conduct.*—In an action for personal injuries, an instruction which
stated that "an unlawful intent may be inferred from the conduct
which shows a reckless disregard of consequences and a willingness
to inflict injury by purposely and voluntarily doing the act, with
knowledge that some one is in a situation to be unavoidably injured
thereby," was the announcement of a general proposition of law to
the jury, and was not a characterization of the conduct of the person
who inflicted the injury, and is unobjectionable.

SAME.—*Exemplary Damages.*—In such a case, it was not error to in-
struct the jury that they might add exemplary damages, in the
event they found that the appellant's conductor inflicted the injury
complained of in a spirit of oppressive malice, or that his acts were
such as to indicate a heedless disregard of consequences.

EVIDENCE.—*Exhibiting Personal Injury to Jury by Physician.*—In an
action for damages by reason of personal injuries, it was not error
to allow a physician, during the progress of the trial, to exhibit to
the jury the plaintiff in his then condition, and to place him in dif-
ferent attitudes in order to enable them to determine the extent of
his disability.

From the Johnson Circuit Court.

*W. J. Buckingham, E. F. White* and *H. C. Allen,* for
appellant.

*P. W. Bartholomew, C. E. Averill, G. M. Overstreet* and
*H. B. Hunter,* for appellee.

COFFEY, C. J.—This was an action by the appellee
against the appellant, commenced in the Marion Supe-

rior Court, to recover damages on account of an alleged personal injury. The venue of the cause was changed to the Johson Circuit Court, where a trial resulted in a verdict and judgment in favor of the appellee.

The complaint in the cause alleges, substantially, that in the year 1888 the appellant was a corporation organized under the laws of this State, and was engaged in the business of operating a street railroad in the city of Indianapolis; that in the month of June of that year the appellee, who was then a boy about thirteen years of age, desiring to ride as a passenger on one of the appellant's street cars, having the money to pay his fare, and being ready and willing to do so, stepped upon the platform of such car, intending to enter and pay the fare, when the conductor, without asking for such fare, and without any cause or any warning to the appellee, willfully, forcibly, and angrily took hold of him and willfully, with great force, negligently, wantonly, and recklessly jerked and threw him from and off said platform upon the street, while the car was running at great speed; that the street at the point where appellee was thus thrown from the car was paved with boulders, and that by the fall he was rendered unconscious, was hurt internally, and his face, shoulders, arms, hip, and legs terribly bruised, torn, and mangled; that as a direct and natural result of such injuries his left hip became sore and permanently injured, and the hip joint destroyed, and his left hip and leg became deformed, twisted and useless, totally disabling him from active labor, and causing his hip joint to become incurably diseased; that by reason of said injuries he suffered great pain and agony of mind and body, and will be totally disabled the remainder of his life.

The errors assigned are:

*First.* That the complaint does not state a cause of action.

*Second.* That the court erred in overruling the motion of the appellant for a new trial.

The sufficiency of the complaint is tested for the first time in this court.

It is unnecessary, therefore, to inquire whether it would be sufficient to withstand a demurrer. It is a well settled rule that where the sufficiency of a complaint is tested for the first time by the assignment of error in this court, it will be held sufficient, if it contain facts enough to bar another action for the same cause. *Colchen* v. *Ninde,* 120 Ind. 88; *Harris* v. *State, ex rel.,* 123 Ind. 272; *Burkhart* v. *Gladish,* 123 Ind. 337; *Peters* v. *Banta,* 120 Ind. 416; *Old* v. *Mohler,* 122 Ind. 594.

It is somewhat difficult to determine the theory upon which this complaint proceeds, but whether it is to be regarded as proceeding upon the theory that the appellant was guilty of a violation of its contract duty as a common carrier of passengers, or upon the theory that one of its servants, acting within the scope of his employment, was guilty of inflicting a willful and wanton injury upon the appellee, it is certainly sufficient to bar another action against the appellants, on account of the wrongs set forth therein. We are constrained, therefore, to hold that this complaint, attacked for the first time in this court, by an assignment of error, is sufficient to withstand such attack.

It is true that every complaint must proceed upon some single, definite theory; but such theory is to be gathered from the general scope of the pleading, and not from detached allegations. *Louisville, etc., R. W. Co.* v. *Schmidt,* 106 Ind. 73; *Rollet* v. *Heiman,* 120 Ind. 511.

When the complaint now before us is thus construed, we think it appears that it does not proceed upon the theory that the appellant has been guilty of a breach of its contract, as a common carrier of passengers, to safely

carry the appellee to the end of his journey, but that it proceeds upon the theory that the servant of the appellant, while acting within the scope of his employment, inflicted upon the appellee a willful injury. That the master would be liable for such an injury is too well settled in this State to be open to controversy. *Palmer* v. *Chicago, etc., R. R. Co.*, 112 Ind. 250; *Pennsylvania Co.* v. *Sinclair, Admr.*, 62 Ind. 301; *Louisville, etc., R. W. Co.* v. *Bryan*, 107 Ind. 51; *Belt R. R. and Stock Yard Co.* v. *Mann*, 107 Ind. 89; *Louisville, etc., R. W. Co.* v. *Ader*, 110 Ind. 376; *Cincinnati, etc., R. R. Co.* v. *Eaton, Admr.*, 53 Ind. 307; *Carter* v. *Louisville, etc., R. W. Co.*, 98 Ind. 552; *Indianapolis, etc., R. W. Co.* v. *McBrown*, 46 Ind. 229.

It was upon this theory that the case was tried in the court below, and in this we think there was no error.

Under the assignment of error, calling in question the correctness of the ruling of the circuit court in overruling the appellant's motion for a new trial, it is insisted:

*First*. That the court erred in giving instructions on its own motion.

*Second*. That the court erred in refusing to give certain instructions asked by the appellant.

*Third*. That the court erred in admitting improper evidence on behalf of the appellee, on the trial of the cause.

The court, in its second instruction, said that "The gist of this action is the alleged wrongful ejection of the plaintiff from the defendant's car. He can not recover upon proof of mere negligence, however gross such negligence. The cause of action alleged by the plaintiff is not for negligence, and does not require proof of plaintiff's freedom from negligence. The plaintiff's only right of recovery, under his complaint, is for willful injury, if proven. A willful injury is that which flows

from an injurious act purposely committed with the intent to commit injury. In determining whether the injury, if any, was committed willfully, you may consider, with other circumstances of the case, the manner of the conductor, the force, if any, used by him, and the effects of his acts, together with the presumption that every person intends the natural and probable consequences of his wrongful acts; and an unlawful intent may be inferred from the conduct which shows a reckless disregard of consequences and a willingness to inflict injury by purposely and voluntarily doing the act, with knowledge that some one is in a situation to be unavoidably injured thereby.''

This instruction, we think, states the law correctly. It put the case upon the theory outlined in the complaint, as we construe it, and announced correct rules for arriving at a just conclusion upon this theory. The rule that every one is presumed to intend the natural and probable consequences of his own wrongful acts is elementary. The definition of a willful injury is correct, under all the authorities upon that subject. *Palmer* v. *Chicago, etc., R. R. Co., supra.*

It is contended, however, that the use of the article "the" preceding the word "conduct," in this instruction, conveyed to the mind of the jury the idea that the court was characterizing the conduct of the conductor, who is alleged to have inflicted the injuries for which suit is brought, as reckless and in disregard of consequences, and as exhibiting a willingness to inflict an injury by doing an act purposely and voluntarily, with a knowledge that some one was in a situation to be unavoidably injured thereby.

We can not agree with counsel in the construction of the language used in this instruction. It is plain, we think, when the whole instruction is taken together, that

the court was announcing to the jury a general proposition of law, leaving them to determine from the evidence in this case whether such principle was applicable to the conduct of the conductor, who is alleged to have inflicted the injury of which the appellee is making complaint.

It is also urged by the appellant that the third instruction given by the court to the jury proceeds upon the theory that the action is for a breach of the appellant's duty as a common carrier, and not upon the theory that its servant, acting within the scope of his employment, inflicted a willful injury upon the appellee.

In this contention, we think appellant's counsel are in error. The instruction is consistent with the second instruction above set out, and proceeds upon the theory that if the appellee was entitled to recover at all in this action, it was because the servant of the appellant, while acting within the scope of his employment, had willfully inflicted the injury for which suit was brought.

It is sufficient to say of the third instruction asked by the appellant and refused by the court, that it was not applicable to the evidence in the cause.

The evidence on behalf of the appellee tended to prove that he was on appellant's car as a passenger. There was no evidence in the cause tending to prove that he was a trespasser, or that he was wrongfully on the car. An instruction, therefore, applicable to a case where the injured party was in the wrong, was not applicable to the case made by the evidence in this cause. Aside from this objection, we think the instruction was objectionable, in that it took from the jury the question as to whether the appellant's servant used more force than was necessary to eject the appellee from the car, and required it to pass upon the question as to whether the servant *thought* he was using more force than was necessary. Assuming, for the sake of the argument, that the appellee was

wrongfully on the appellant's car, it would be liable if its servant used more force than was necessary to eject him, without regard to the opinions entertained by the servant upon that subject. *Chicago, etc., R. R. Co.* v. *Bills*, 104 Ind. 13; *Chicago, etc., R. R. Co.* v. *Bills*, 118 Ind. 221.

We have carefully read all the instructions given by the court, as well as those asked by the appellant and refused. The instructions are consistent and clear, and put the case fairly to the jury upon the theory that the action was for a willful injury.

The instructions asked by the appellant, in so far as they stated the law applicable to the case made by the evidence, were fully covered by the instructions given by the court.

The verdict of the jury is fully sustained by the evidence in the cause.

Indeed, we do not think the jury could have reached a conclusion different from the one returned, as the evidence upon the material issues in the case is without substantial conflict.

In our opinion, the damages assessed by the jury are not excessive. If the jury believed that the appellee's present condition is the result of the injuries inflicted by the appellant's servant, as alleged in the complaint, we can not say that the damages assessed are more than compensatory.

The court did not err in instructing the jury that they might add exemplary damages, in the event they found that the appellant's conductor inflicted the injury complained of in a spirit of oppressive malice, or that his acts were of such character as to indicate a heedless disregard of consequences. Cooley on Torts (2d ed.), p. 832; *Indianapolis, etc., R. W. Co.* v. *Pitzer*, 109 Ind. 179; *Jeffersonville R. R. Co.* v. *Rogers*, 38 Ind. 116; Sedgwick

on Damages (7th ed.), volume 2, p. 317; *Goddard* v. *Grand Trunk R. W. Co.*, 57 Me. 202; *Milwaukee, etc., R. W. Co.* v. *Arms*, 91 U. S. 489; *Day* v. *Woodworth*, 13 How. 362; *Philadelphia, etc., R. R. Co.* v. *Quigley*, 21 How. 202.

The evidence in the cause tended to prove that an incurable disease of the hip joint and curvature of the spine followed as a result of the injuries inflicted by the appellant's servant upon the appellee. During the progress of the trial, a physician was permitted to exhibit to the jury the appellee in his then condition and to place him in different attitudes in order to enable them to determine the extent of his disability.

It is claimed by the appellant that the circuit court erred in permitting this to be done, but counsel for the appellant cite no authority upon the subject.

We are unable to discover any impropriety in the course pursued in this matter. The question here involved is fully discussed and decided in the case of the *Louisville, etc., R. W. Co.* v. *Wood*, 113 Ind. 544, and it needs no elaboration here. The physician who exhibited the appellee's injuries to the jury could have described them without such exhibition, but it is plain, we think, that by such exhibition the jury obtained a clearer idea of his condition than they could have obtained by a mere description.

We have carefully examined all the questions presented by the record in this case, and find no error for which the judgment of the circuit court should be reversed.

Judgment affirmed.

HACKNEY, J., took no part in the decision of this cause.

Filed Feb. 24, 1893; petition for a rehearing overruled June 13, 1893.