STATE OF INDIANA, EX REL. BATEMAN, COUNTY
SURVEYOR, *v.* HART.

[No. 22,592. Filed May 12, 1914.]

1. STATUTES.—*Construction.*—*Provisos.*—As a general rule, a proviso in a statute is intended to except something from the enacting part of the statute, or to waive or restrain its generality, and, on construction, is to be strictly limited to the objects fairly within its terms. p. 595.

2. HIGHWAYS.—*Repair and Maintenance.*—*Appointment of Superintendent.*—*Statutes.*—The act providing for the repair and maintenance of free gravel or macadam highways, and for the appointment of county highway superintendents (Acts 1913 p. 877, §7754 *et seq.* Burns 1914) evinces an intention on the part of the legislature to place in boards of county commissioners a general control over the repair and maintenance of improved public highways, and by §1 of the act (§7754 Burns 1914) providing for the appointment of a county superintendent of highways, the power of appointment and removal of such superintendent is general, and it is contemplated that the appointee shall be some one other than the county surveyor, hence the proviso in that section, that in counties having less than two hundred miles of free gravel or macadam roads the county surveyor may act as county highway superintendent, does not restrain or limit the mandate that the board shall appoint a superintendent in such counties, but merely lodges in the boards of such counties a dis-

State, ex rel. *v.* Hart—181 Ind. 592.

cretion to either require the county surveyor to act as superintendent, or to appoint some one else. p. 595.

3. CONSTITUTIONAL LAW.—*Officers.—Power of Legislature to Require Performance of Additional Duties.*—The legislature may invest such an officer as county surveyor with additional administrative duties without violating §9, Art. 2 of the Constitution, which forbids anyone to hold more than one lucrative office at the same time. p. 596.

From Martin Circuit Court; *James W. Ogdon,* Judge.

Action in *quo warranto* by the State of Indiana, on the relation of Frank M. Bateman, County Surveyor of Martin County, against Thomas G. Hart. From a judgment for defendant, the relator appeals. *Affirmed.*

*Frank E. Gilkison,* for appellant.
*Hiram McCormick* and *F. Gwin,* for appellee.

Cox, J.—The General Assembly at its last session passed an act providing for the repair and maintenance of free gravel or macadam highways in the various counties of the State. §7754 Burns 1914, Acts 1913 p. 877. The act places the general control and supervision of this public function with the board of county commissioners of the several counties of the State. It provides, however, that they shall discharge this function through an administrative agent or officer, called a county highway superintendent. Section 1 of the act provides: "That in every county maintaining free gravel or macadam highways there shall be a county highway superintendent. The board of county commissioners shall at their January session in 1914 and bi-ennially thereafter, appoint the county highway superintendent who shall be a resident voter of the county and who shall hold his office for two (2) years and until his successor is appointed and qualified: *Provided,* That in counties having less than two hundred (200) miles of free gravel or macadam highway, the county surveyor may act as the county highway superintendent. Whenever such county shall be

found to have more than two hundred (200) miles of such highways, the board of county commissioners shall, at their January session following thereafter, appoint a county highway superintendent.'' The act requires the superintendent to give bond in the sum of $5,000. And it provides that the board of commissioners may remove him after a hearing for incompetency, malfeasance or neglect of duties.

On the first Monday in January, 1914, Martin County had about 125 miles of free gravel and macadam highways and no more, and on that day the appellant relator, who was the surveyor of the county, filed with the board of county commissioners his written consent to act as highway superintendent for the county; and at the same time he filed with the board a bond in proper form and with adequate surety for the sum of $5,000, conditioned, as the statute provides, for the bond of such a superintendent and asked that it be approved. This the board declined to do but appointed the appellee as such highway superintendent for the county and he duly qualified and entered upon the duties of the place. The relator thereupon demanded the office from appellee and upon refusal brought this action in *quo warranto* to oust appellee therefrom and to establish his own right to the office. Appellee demurred to relator's complaint and this demurrer was sustained. From a judgment against relator following his refusal to plead further, he has appealed and assigned the ruling on demurrer as error.

The relator's claim to the office in question is based on the theory that the proviso unequivocally gives county surveyors, in counties having less than 200 miles of such improved highways, the right to discharge the duties and receive the pay of highway superintendents in such counties, without appointment by the board of commissioners, if they choose to take such duties upon themselves. In other words the contention is, that the legislature has expressly placed the burdens of the place upon county surveyors and granted to them the pay at their option, and that in such counties,

the county commissioners have no voice whatever in the selection if the surveyor consents to act.

Generally the object of a proviso is to except something from the enacting part of the statute, or to waive or restrain its generality. The general rule is that a proviso is not to be extended by construction but is to be strictly limited to the objects fairly within its terms. The office of the proviso as here used is obviously to restrain the generality of the body of the act. The inquiry leads to a determination of the question in what particular it was intended to so restrain it. Now there is to be gathered generally from the act in question, an intention on the part of the legislature to place in the hands of boards of county commissioners a general control over the repair and maintenance of improved public highways. The body of §1, *supra,* contemplates that in every county of the State which maintains improved highways the county board shall appoint a superintendent to perform the administrative duty of keeping them in repair, and that this superintendent shall be someone other than the county surveyor. The power to remove the superintendent for incompetency, malfeasance or neglect of duties, which power is given to the board, is also general. It is clear that it was not intended by the proviso that there should be no superintendence of the repair of improved highways under the act, in counties having less than 200 miles of improved roads. On the contrary, it is manifest that· there was no intention in enacting in the proviso that such counties should be an exception to the general provision in the act for such superintendence in all counties maintaining such highways. Nor is there in the proviso any express or implied restraint upon the express general mandate found in the body of the act that the board shall appoint in every county maintaining such highways. It seems clear enough that the proviso was intended to limit and restrain the generality of the body of the act in the one matter of the per-

sonality of the one who must be selected by the board to discharge the duties and receive the pay of highway superintendent and not to restrict the general provision that the board shall appoint in every county maintaining improved roads. This restraint is upon the general mandatory provision that the county board shall appoint someone obviously intended to be one other than the county surveyor. It does not restrain or limit the mandate that the board shall appoint but, for reasons which are apparent without stating them, opens up the right to appoint in such counties the county surveyor. Considering the act as an entirety we conclude that it lodges a discretion in county boards of counties having less than 200 miles of improved highways to designate the county surveyor to discharge the duties of superintendence of their repair and maintenance, if he consents, or, if in the judgment of such a board conditions make that preferable, to appoint someone else. The provision for removal which is found in §1 is wholly inconsistent with the claim that a county surveyor may, under the law, take upon himself the duties of the place without appointment by the board.

With this view of the law, it is not necessary to discuss at length the questions raised by appellee of the constitutionality of the provision which permits the appointment of the surveyor to the office of superintendent.

3. But it may be said that there can be no doubt of the authority of the legislature to invest such an officer as county surveyor with additional administrative duties without violating §9, Art. 2 of the Constitution, which forbids anyone to hold more than one lucrative office at the same time.

Judgment affirmed.

Note.—Reported in 105 N. E. 149. See, also, under (1) 36 Cyc. 1162; (2) 37 Cyc. 212, 236, 237; (3) 8 Cyc. 831, 839.