Joseph MERIMEE, Appellant
(Defendant below),

v.

Hazel BRUMFIELD, Executrix of the Estate of Clifford P. Brumfield, Deceased, Appellee (Plaintiff below).

No. 1–578A106.

Court of Appeals of Indiana,
First District.

Dec. 11, 1979.

Rehearing Denied Jan. 8, 1980.

Theodore L. Sendak, Atty. Gen., Darrell K. Diamond, Deputy Atty. Gen., Indianapolis, for appellant.

J. David Huber, Zoercher, Becker & Huber, Tell City, for appellee.

NEAL, Judge.

This is an appeal from a judgment against the appellant, Joseph Merimee, for

false imprisonment and malicious prosecution.

We reverse.

The appeal raises two questions for our decision:

1. Whether a police officer is immune from liability in an action for false imprisonment and malicious prosecution under the Tort Claims Act.

2. Whether an action for false imprisonment and malicious prosecution survives the death from unrelated causes of the plaintiff therein as to damages other than medical expenses and lost wages.

This cause of action was instituted by Clifford P. Brumfield on August 15, 1975, alleging damages arising out of an occurrence on July 27, 1974, for false imprisonment and malicious prosecution against the appellant-defendant, Joseph Merimee, an Indiana State Police Officer. Prior to trial, on July 22, 1976, Clifford P. Brumfield died from causes not connected with the litigation. Thereafter, on November 24, 1976, Brumfield's personal representative, Hazel Brumfield, Executrix, was substituted as party plaintiff. The cause was tried before a jury on October 24, 1977, and resulted in a verdict for the plaintiff-appellee on both paragraphs of the complaint. The present appeal was thereafter commenced.

We will first address ourselves to Issue No. 2, that is, the survival of malicious prosecution and false imprisonment under the Indiana survival statute, Ind. Code 34–1–1–1. This is a case of first impression in Indiana.

At common law, actions *ex delicto* did not survive the death of either party. Over the years the rule has been materially modified by both statutory enactments and court decisions. Some review of the prior Indiana survival statutes and cases is necessary to understand the problem. In 1852 the Indiana Legislature enacted a survival statute which read as follows:

"A cause of action arising out of *an injury to the person dies* with the person of either party, *except* in cases in which an action is given for an injury causing the *death* of any person, and actions for *seduction* and *false imprisonment*." (Emphasis added.)

This survival statute continued in effect until 1881 when the legislature amended it and provided as follows:

"A cause of action arising out of *an injury to the person dies* with the person of either party, *except* in cases in which an action is given for an injury causing the *death* of any person, and actions for *seduction, false imprisonment, and malicious prosecution*."

The 1881 survival statute remained in force until it was again modified in 1937, and excepting changes made in later years as to the elements of damages and the amount of damages recoverable, it remains the same. The present survival statute is set forth in Ind. Code 34–1–1–1, and is as follows:

"All causes of action shall survive, and may be brought, notwithstanding the death of the person entitled or liable to such action, by or against the representative of the deceased party, except actions for personal injuries to the deceased party, which shall survive only to the extent provided herein. Any action contemplated in this section or in section 6 of this act may be brought, or the court, on motion, may allow the action to be continued, by or against the legal representatives or successors in interest of the deceased. Every such action shall be deemed to be a continued action, and therefore accrued to such representatives or successors at the time it would have accrued to the deceased if he had survived. If any such action is continued against the legal representatives or successors of the defendant, a notice shall be served on him as in the case of an original notice. If any action has been commenced against the decedent prior to his death, the same shall continue by substituting his personal representatives as in other actions surviving the defendant's death; in event the action be brought subsequent to the death of the party against whom the cause existed, then the same shall be prosecuted as other claims against said decedent's estate. Provided,

however, That when a person receives personal injuries caused by the wrongful act or omission of another and thereafter dies from causes other than said personal injuries so received, the personal representative of the person so injured may maintain an action against the wrongdoer to recover damages resulting from such injuries, if the person so injured might have maintained such action, had he or she lived; but provided, further, that the personal representative of said injured person shall be permitted to recover only the reasonable medical, hospital and nursing expense and loss of income of said injured person, resulting from such injury, from the date of the injury to the date of his death."

The focus of the problem is directed to the meaning of the words "personal injuries." The statute provides that actions for "personal injuries" shall survive only in a limited way and damages recoverable for "personal injuries" are limited to medically related damages and loss of income. The appellant contends that the term "personal injuries" should be construed broadly to include all actions which peculiarly affect the individual, such as libel, slander, malicious prosecution, false imprisonment and invasion of privacy, and thus, argues the appellant, be subject to the exception contained in the statute. Appellee, on the other hand, asserts that the term "personal injuries" should receive a restricted interpretation to include only injuries to the physical body, and therefore actions for libel, slander, malicious prosecution, false imprisonment and invasion of privacy would be included in actions which survive in full.

In defense of her position appellee contends that no bodily injury is required as elements of the torts of malicious prosecution and false imprisonment. She points out that certain phrases in the proviso of the statute, " . . . when a person receives 'personal injuries' 27 27 27 and dies from causes other than said personal injuries so received . . .", and the further proviso of the statute which limits recovery to reasonable medically related damages and loss of income, suggest to the

mind the concept of a person being physically hurt. She argues, therefore, that it was the intention of the legislature that the actions of malicious prosecution and false imprisonment were not, in this context, to be encompassed in the words "personal injuries," and the proviso or exception was to be limited to bodily injury.

No Indiana authority deciding this question has been cited, and our research has disclosed none. The cases on survival of actions in other jurisdictions on this point are of little aid in interpreting the Indiana survival statute. An examination of survival statutes in other states reveals that they are distinguishable in important respects from the Indiana statute. The case law in other states interpreting their statutes is likewise varied. Some courts under their survival statutes permit the survival of actions for malicious prosecution and false imprisonment, and other courts, interpreting their own survival statutes, hold that such actions abate upon the death of the plaintiff. Policy considerations vary. Some jurisdictions and authorities base their decisions upon the argument that justice does not require a windfall to the plaintiff's heirs by way of compensation for an injury to him when they have suffered none of their own. Other jurisdictions and authorities say that tort causes of action and liabilities are as fairly a part of the estate of either plaintiff or defendant as contract debts, and that the question is rather one of why a fortuitous event such as death should extinguish a valid action. We therefore must address ourselves to the Indiana survival statute to determine, from its language, aided by rules of statutory construction, the intent of the legislature.

■ Judicial interpretation of statutory language is warranted where the meaning is unclear or ambiguous. *Hilligoss v. La-Dow,* (1977) Ind.App., 368 N.E.2d 1365. To interpret a statute the court must search for the legislative intent. *State ex rel. Bynum v. LaPorte Superior Court,* (1973) 259 Ind. 647, 291 N.E.2d 355. Further, to ascertain the intent of the legislature, we

look to the whole of the act, to the law existing before, to the changes made, and the apparent motive for making them. *State ex rel. Rogers v. Davis*, (1952) 230 Ind. 479, 104 N.E.2d 382.

There is considerable authority for the proposition that the term "personal injuries" is a broader, more comprehensive and significant term than the term "bodily injury." It includes malicious prosecution, false imprisonment, libel and slander, or any affront, or detriment to any of the body, psyche, reputation or liberty. *See* Words and Phrases, Vol. 32, page 438, *et seq.*

It is apparent from the plain words of the statutes of 1852 and 1881 that the legislature adopted the above broader definition. Those statutes used the words "injuries to the person" and then pointedly excluded from their operation actions for wrongful death, seduction, and false imprisonment in the 1852 statute, and actions for wrongful death, seduction, false imprisonment, and malicious prosecution in the 1881 statute.

■ In construing the meaning of certain words contained in a statute the legislative definition of the same words in another act (although not conclusive) is entitled to consideration in construing the same words when used in another statute upon the same or related subject. *Adkins v. Indiana Employment Sec. Div.*, (1946) 117 Ind.App. 132, 70 N.E.2d 31.

■ The 1937 survival statute and its successors, as embodied in the present survival statute, Ind. Code 34–1–1–1, use the words "personal injuries." We hold, pursuant to the above authorities and the usage of the words in Indiana's antecedent survival statutes, that the words "personal injuries," in the context of the survival statute, include within their meaning, in addition to injuries to the physical body, malicious prosecution, false imprisonment, libel, slander, or any affront or detriment to the body, psyche, reputation or liberty, as contradistinguished from injury to property rights.

Ind. Code 34–1–1–1 provides that "all causes of action shall survive . . . *except* actions for personal injuries . . .

which shall survive *only* to the extent provided herein." The proviso then reads as follows: "Provided, however, That when a person receives personal injuries . . . and thereafter dies from causes other than said personal injuries so received, the personal representative . . . may maintain an action . . . to recover only the reasonable medical, hospital and nursing expense and loss of income of such injured person . . . ." (Emphasis added.)

Using the broader definition of the term "personal injuries" which we have established to include those actions for injuries which are peculiar to the person as contrasted to those that are peculiar to property rights, we can analyze the statute thusly. It reads that "all causes of action shall survive except actions for personal injuries." If one stops there, omitting the proviso, actions for injuries to the physical body, malicious prosecution, false imprisonment, libel and slander, or any affront, detriment to the body, psyche, reputation or liberty, do not survive at all. They are swept away with the death of the injured party. The proviso, the only language in the statute which keeps any action for personal injuries alive for any purpose, then limits recovery for personal injuries to medical and wage damage *only*.

■ Generally the object of a proviso is to except something from the enacting part of the statute, or to waive or restrain its generality. The general rule is that a proviso is not to be extended by construction but is to be strictly limited to the objects fairly within its terms. *State ex rel. Bateman v. Hart*, (1914) 181 Ind. 592, 105 N.E. 149. A proviso must be read and considered in connection with the section of which it is a part. *Hasse v. Bielefeld, Treas.*, (1926) 197 Ind. 498, 150 N.E. 413.

■ Using the injunction that a proviso is not be be extended by construction we come to the inescapable conclusion that the legislature did not intend the actions of malicious prosecution and false imprisonment to survive. It intended only out-of-pocket medical expenses and lost wages

arising out of bodily injury to survive. Such a result is further necessary in light of the history of the Indiana survival act. The 1852 statute and the 1881 statute excepted from the operation of the term "injury to the person" the actions of seduction, malicious prosecution, false imprisonment and wrongful death. The 1937 act deleted those exceptions. There is a rule of construction that where a previous statute on a subject contains certain language, and a later statute on the same subject deletes the language, statutory construction indulges in the presumption that the legislature was cognizant of its presence, and meaning, and intended by the deletion to change the law. *Frontier Ditch Co. v. Chief Engineer,* (1977) 1 Kan.App.2d 186, 563 P.2d 502; *Linson v. Johnson,* (1977) 1 Kan.App.2d 155, 563 P.2d 485; *State v. Barts,* (1944) 132 N.J.L. 74, 38 A.2d 838. Another fundamental rule of construction is that a statutory amendment changing the wording of a statute indicates a legislative intention that the meaning of the prior statute has been changed. This raises the presumption that the legislature intended to change the law unless it clearly appears that the amendment was made to only express the original intention of the legislature more clearly. *Economy Oil Corp. v. Indiana Dept. of Revenue,* (1974) 162 Ind.App. 658, 321 N.E.2d 215. The appellee's argument concerning the language in the proviso, in light of the recited rules of construction, must fail, for the language of a proviso may not be extended by construction.

It would be incongruous for the legislature to impose a limitation on recovery to heirs of a decedent, who had suffered painful and disabling injuries to his physical body, then died from other causes prior to the determination of his suit, and yet permit unlimited recovery to heirs of a decedent who had suffered intangible nonphysical injuries. We find a parallel in the wrongful death act, Ind. Code 34–1–1–2, where a limitation of recovery of actual expense is imposed on heirs other than dependants.

We therefore hold that the actions for false imprisonment and malicious prosecution do not survive under the Indiana survival of actions statute, Ind. Code 34–1–1–1. In light of our holding it is unnecessary to discuss the first question raised by the appeal.

This cause is ordered reversed and the trial court is ordered to enter judgment for the defendant.

Reversed.

LOWDERMILK, P. J., and ROBERTSON, J., concur.