Lena MUNDELL, Administrator of
the Estate of Gerald Joseph
Lawrence, Sr., Plaintiff,

v.

BEVERLY ENTERPRISES–INDIANA,
INC., and Beverly Enterprises,
Defendants.

No. TH 90–151–C.

United States District Court,
S.D. Indiana,
Terre Haute Division.

Nov. 12, 1991.

Eric Frey, Frey Hunt Hassler & Lorenz, Terre Haute, Ind., for plaintiff.

Thomas J. Campbell, Peter H. Pogue, Locke Reynolds Boyd & Weisell, Indianapolis, Ind., for defendants.

## ENTRY GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS

TINDER, District Judge.

This cause comes before the court on a 12(b)(6) motion to dismiss for failure to state a claim brought by defendants Beverly Enterprises–Indiana, Inc., and Beverly Enterprises. Defendants move to dismiss paragraph 10 of plaintiff's Amended Complaint which reads as follows:

10. That the conduct of the Defendants was willful, abusive, deceitful, and constitutes the basis for the imposition of punitive damages upon the Defendants by reason of their neglect, mismanagement, lack of proper care and deceitful conduct. That an appropriate award of damages against the Defendants would be Nine Million Dollars ($9,000,000.00).

The original action filed by Lena Mundell, Gerald Joseph Lawrence, Sr.'s guardian, contained the above paragraph. Upon Lawrence's death, the guardian, Mundell, was named administrator of the estate and thereafter filed an amended complaint, also containing the above paragraph, pursuant to Ind.Code § 34–1–1–1(d)[1] which allows the action to continue despite the death of the plaintiff. Defendants move to dismiss paragraph 10 on the ground that the claim

for punitive damages does not survive the death of the plaintiff.

### I. Standard of Review

To withstand a 12(b)(6) motion to dismiss, a pleading must meet the standard set forth in Fed.R.Civ.P. 8(a)(2) calling for "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement of the claim must give fair notice of its basis and supporting ground. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court must review this statement, construing it in favor of the plaintiff and taking all factual allegations in it as true, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), to determine whether plaintiff has set forth facts supporting a cause of action which would entitle him to relief. *Conley v. Gibson*, 355 U.S. at 45–46, 78 S.Ct. at 101–02; *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988). However, the court is not required to accept legal conclusions, or inferences or allegations unwarranted by the facts as presented in the pleadings. *Implement Serv., Inc., v. Tecumseh Products Co. et al.*, 726 F.Supp. 1171, 1175 (S.D.Ind.1989).

The accepted standard for determining the sufficiency of the complaint does not permit dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45–46, 78 S.Ct. at 101–02. This is a technical determination not based on the veracity of the facts alleged. The court cannot dismiss a complaint merely because it doubts that the plaintiff can prove the facts it alleges. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Thus, defendants' motion to dismiss can only be granted if plaintiff has failed to allege sufficient facts to entitle the estate to relief if the facts alleged are taken as true. If punitive damages are unavailable as a form of relief allowed by the survival statute, plaintiff will be unable to state a claim entitling it to

---

1. In the Amended Complaint, plaintiff mistakenly referred to Ind.Code § 34–1–1–2(d).

relief and the motion to dismiss paragraph 10 must be granted.

## II. Background

When the decedent's guardian Lena Mundell, filed this lawsuit, Gerald Joseph Lawrence, Sr. was alive. When Lawrence died on October 4, 1990, Mundell was appointed the administrator of his estate. Mundell then filed an amended complaint, bringing the cause of action under the coverage of Ind.Code § 34–1–1–1, which allows a cause of action to continue via the decedent's personal representative in certain circumstances despite the death of the plaintiff, or in this case, the ward represented by the plaintiff.

Plaintiff Mundell and her ward are and were residents of Terre Haute, Vigo County, Indiana. Defendant Beverly Enterprises–Indiana, Inc., is a California corporation which maintains its principal place of business in California, is admitted to do business in Indiana, and has qualified with the Indiana Secretary of State. Defendant Beverly Enterprises is a California corporation and is the parent corporation of Beverly Enterprises–Indiana. Beverly Enterprises is a nationwide provider of health care services, and has nursing facilities throughout the United States which are supervised and controlled by its own management staff. As a subsidiary of Beverly Enterprises, Beverly Enterprises–Indiana, Inc. is subject to the control of Beverly Enterprises for purposes of staffing, management, and budget considerations.

Mr. Lawrence was a patient at Maplewood Manor, a nursing facility owned and operated by defendants, from August 19, 1987, to January 5, 1990. Mundell alleges that beginning in late 1989 to early 1990, while a patient in defendants' facility, the deceased suffered severe injuries due to inattention, inactivity, malnourishment, dehydration, and general neglect at the hands of defendants' employees. When the deceased's condition was discovered on January 5, 1990, he was dehydrated, malnourished, and suffering from severe hypernatremtia, having a scrotal abscess and gangrenous testicles. Because of decedent's condition, on January 11, 1990, he underwent a bilateral orchiectomy during which both testicles were removed along with remaining tissue from the scrotum.

Plaintiff contends that there is a principal-agency relationship between the two corporations and that, because of this relationship with Beverly Enterprises–Indiana, Beverly Enterprises is subject to liability for the actions of its subsidiary. Plaintiff further contends that defendants acted wilfully, maliciously, and deceitfully by falsifying records, failing to provide adequate care after being notified by the State of Indiana that they were not meeting state standards, falsifying reports showing that they were complying with state orders, and under-staffing the facility. Plaintiff also contends that decedent suffered permanent injury and pain and suffering, and incurred substantial medical expense because of the defendants' misconduct. Plaintiff requests relief in the form of compensatory and punitive damages based on these facts. For the purpose of determining whether this motion should be granted these allegations will be taken as true.

## III. Discussion

Prior to its 1989 amendment, Ind. Code § 34–1–1–1 clearly stated what damages for personal injuries to the decedent were recoverable by a decedent's personal representative. The 1989 amendment made a number of changes to the statute, including deleting the phrase referring to the limit on recoverable damages.[2] The current statute reads as follows:

Ind.Code § 34–1–1–1. (a) All causes of action survive, and may be brought, notwithstanding the death of the individual

---

**2.** The language of the pre–1989 § 34–1–1–1(d), "provided further, that the personal representative of said injured person shall be *permitted to recover only the reasonable medical, hospital and nursing expense and loss of income* of said injured person, resulting from such injury, from the date of the injury to the date of his death" (emphasis added) was replaced by "personal representative ... may ... *recover all damages resulting before the date of death from those injuries that the decedent would have been entitled to recover had the decedent lived.*" (emphasis added).

who is entitled or liable in such an action, by or against the representative of the deceased party except actions for ... personal injuries to the deceased party, which shall survive only to the extent provided herein....

(d) If a person receives personal injuries caused by the wrongful act or omission of another and subsequently dies from causes other than those personal injuries, the personal representative of the decedent who was injured may maintain an action against the wrongdoer to recover all damages resulting before the date of death from those injuries that the decedent would have been entitled to recover had the decedent lived. These damages inure to the exclusive benefit of the decedent's estate.

The question before the court is whether the legislature intended, by its 1989 amendment to § 34–1–1–1, to broaden damages recoverable by the decedent's personal representative to include punitive damages. The new language allows recovery by the decedent's personal representative of any damages resulting from personal injury which the decedent could have recovered had he lived. While punitive damages are not explicitly excluded, they are also not explicitly included. Rules of statutory interpretation and the history of the statute must be considered in determining whether the legislature meant to permit the recovery of punitive damages under this statute, as this question has not yet been addressed by an Indiana court.

 Indiana case law requires a court interpreting an Indiana statute to keep a variety of rules of statutory interpretation in mind. The foremost objective of the court is to determine and give effect to the legislature's intent. *Spaulding v. International Bakers Servs., Inc.,* 550 N.E.2d 307, 309 (Ind.1990). The statute, where possible, is to be examined and interpreted as a whole, giving words or phrases their plain and ordinary meaning unless the statute requires otherwise. *Marion Coun-*

ty Sheriff's Merit Bd. v. Peoples Broadcasting Corp., 547 N.E.2d 235, 237 (Ind. 1989). If the language of the statute is ambiguous, the statute must be viewed in the context of the entire act to determine the apparent legislative intent. *Avco Fin. Servs. of Indianapolis, Inc. v. Metro Holding Co.,* 563 N.E.2d 1323, 1328 (Ind.Ct.App. 1990). The court may also consider the legislative history of the statute to discern legislative intent. *Irmscher v. McCue,* 504 N.E.2d 1034, 1036 (Ind.Ct.App.1987). If the amendment to the statute changes the wording of the statute, a presumption arises that the legislature intended to change the law unless it clearly appears that the amendment was only made to clarify the meaning of the original statute. *Merimee v. Brumfield,* 397 N.E.2d 315, 319 (Ind.Ct.App.1979), *reh. denied,* (1980). It is also just as important to consider what the statute does not say as it is to consider what it does say. *Irmscher v. McCue,* 504 N.E.2d at 1037.

The application of these rules to § 34–1–1–1 indicates that the legislature did not intend to include punitive damages as part of the recovery newly available after the 1989 amendment to the survival statute. While the legislature clearly meant to broaden the compensatory damages recoverable under the survival statute, it would presume too much to interpret the statute so broadly as to allow recovery of punitive damages without a direct statement from the legislature to this effect. The plain and ordinary meaning of the phrases "all damages" and "all damages resulting before the date of death" suggest that recovery under the survival statute includes all damages, compensatory and punitive, which the decedent would have been able to recover himself if he were alive. However, the statute must be interpreted as a whole. The phrase continues with "all damages resulting before the date of death from those injuries...." [3] The damages which are recoverable are those resulting

---

**3.** The phrase "personal injuries" referred to in § 34–1–1–1(d) is defined as "injuries to the physical body, malicious prosecution, false imprisonment, libel, slander, or any affront or detri-

ment to the body, psyche, reputation or liberty, as contradistinguished from injury to property rights." *Merimee v. Brumfield,* 397 N.E.2d 315 (Ind.App.Ct.1979), *reh. denied,* (1980).

from the personal injuries inflicted on the decedent prior to his death. Unlike compensatory damages, punitive damages do not result from personal injury. Rather, punitive damages are awarded as a result of the egregiousness of the defendant's actions in order "to punish reprehensible conduct and to deter its future occurrence." *Huff v. White Motor Corp.*, 609 F.2d 286, 297 (7th Cir.1979). Because punitive damages do not result from personal injury and because they serve a different purpose altogether than the compensatory damages the statute allowed in previous versions, it seems unlikely that the legislature intended to provide for their recovery without expressly stating so in the statute.

The previous version of the statute clearly limited the decedent's personal representative's recoverable damages for personal injury to the decedent to medical, hospital, and nursing expenses and loss of income, all compensatory damages. The legislature retained language requiring that the damages recoverable must result from personal injuries. Such language must be construed to fulfill the legislature's apparent intent, that is, to permit recovery by the personal representative of only the compensatory damages which would have been available to the decedent. The statute's effect is therefore to expand the narrow list of compensatory damages from the previous version of the statute to include all compensatory damages, such as pain and suffering and loss of consortium, which are recoverable in personal injury actions when the injured party is still alive but were not available under the survival action until this 1989 amendment. This interpretation of the statute follows from what the previous versions of the statute allowed a personal representative to recover and also follows from the application of other rules of statutory interpretation.

■ The rule of interpretation that a statute in derogation of common law must be strictly construed, *Tucker v. Capital City Riggers*, 437 N.E.2d 1048 (Ind.Ct.App. 1982), lends further support to this court's decision that the legislature did not intend punitive damages to be recoverable under the survival statute. In interpreting a statute in derogation of common law, the court presumes that the legislature is aware of the common law and "does not intend by a statute to make any change in the common law beyond what it declares either in express terms or by unmistakable implication." *Northern Ind. Pub. Serv. Co. v. Citizens Action Coalition*, 548 N.E.2d 153, 159 (Ind.1989); *State Farm Fire & Casualty Co., et al. v. Structo Div., King Seeley Thermos Co.*, 540 N.E.2d 597, 598 (Ind. 1989).

■ Punitive damages are an established part of the recovery available to living plaintiffs in personal injury cases.[4] However, Indiana common law prohibits the survival of a cause of action when the plaintiff dies. Thus, the survival statute must be interpreted as a statute in derogation of common law because it changes common law. The legislature is presumed to have been fully aware of the possibility of allowing punitive damages as part of the recovery in a suit continued by a deceased plaintiff's representative. Based on this presumption, and without an explicit statement or unmistakable implication to the contrary, the legislature did not intend to permit the recovery of punitive damages under the survival statute. Therefore, it should not be interpreted as allowing punitive damages.

Similar to the survival statute, the wrongful death statute, § 34-1-1-2, creates a cause of action unavailable at common law which allows recovery because of a person's death. The legislature has

---

4. Indiana common law allows recovery of punitive damages for personal injury if the person entitled to recovery is alive. *See Jones v. Hernandez,* 148 Ind.App. 17, 263 N.E.2d 759 (1970) (citing *Harness v. Steele,* 159 Ind. 286, 64 N.E. 875 (1902) and *Citizens' Street R.R. Co. of Indianapolis v. Willoeby,* 134 Ind. 563, 33 N.E. 627 (1893)). *See also, Lazarus Dept. Store v. Sutherlin,* 544 N.E.2d 513 (Ind.Ct.App.1989) (punitive damages available in suit for malicious prosecution and false imprisonment); *Stanley v. Kelley,* 422 N.E.2d 663 (Ind.Ct.App.1981) (punitive damages available in slander suit); *Powers v. Gastineau,* 568 N.E.2d 1020 (Ind.Ct.App.1991) (punitive damages available in libel suit).

grouped the statutes together in the same title, article and chapter of the Indiana Code, indicating that it considers them to have some relationship. While the purpose of the wrongful death statute differs from that of the survival statute, the two statutes have the same end result of providing to the survivors of the decedent compensation which they would not otherwise receive. The wrongful death statute recognizes that survivors of a decedent may be pecuniarily harmed by the death and should be compensated for that loss. The survival statute protects the interests of the decedent's survivors in the decedent's recovery by recognizing as an asset of his or her estate any compensation for injury the decedent would have received had he or she lived.[5] Continuing the parallel between the two statutes, because the wrongful death statute does not allow recovery of punitive damages, *see, Huff v. White Motor Corp.*, 609 F.2d 286 (7th Cir.1979) (wrongful death action in which the court allowed personal representative of decedent to bring a claim for loss of consortium requesting punitive damages as part of recovery only when it was brought independently of the wrongful death statute), the survival statute also should not allow recovery of punitive damages. An indication that Indiana courts would rule this way appears in *Rogers v. R.J. Reynolds Tobacco Co.*, 557 N.E.2d 1045 (Ind.Ct.App.1990). The court stated that it would not allow the claim for punitive damages if it were made under the wrongful death statute. It went further to state that the decedent's right to sue for punitive damages was precluded by his death and that a requirement for bringing a claim for punitive damages is that the claimant be alive. This statement appears to be a general rule which would apply regardless of whether the suit is brought under the wrongful death statute or the survival statute.

As the application of rules of statutory interpretation indicates, the legislature, in enacting the 1989 amendment to § 34-1-1-1, apparently did not intend to include punitive damages in the recovery available un-

der the survival statute. The statute is in derogation of common law and does not explicitly mention punitive damages. Furthermore, the statute's language restricts recoverable damages to those resulting from personal injury, thereby impliedly eliminating punitive damages which result from the defendant's egregious conduct. The statute in the past clearly limited recovery to a narrow list of damages which were all compensatory in nature. Expanding damages recoverable under this statute to punitive damages, which are not compensatory in nature, calls for a clear statement of intent to do so from the legislature. Because there is no such statement, this court finds that punitive damages are not recoverable under the survival statute. The motion to dismiss paragraph 10 of plaintiff's amended complaint is granted by the accompanying order.

### IV. Conclusion

For the foregoing reasons, this court will GRANT defendants Beverly Enterprises–Indiana and Beverly Enterprises' motion to dismiss paragraph 10 of plaintiff Mundell's amended complaint.

ALL OF WHICH IS ENTERED.

---

5. *See,* 3 Marilyn Minzer et al., Damages in Tort Actions § 20.10 (1991).